Edward Antonio **LEWIS**, Appellant

v.

**COMMONWEALTH of Kentucky,** Appellee.

No. 2012–CA–000244–MR.

Court of Appeals of Kentucky.

April 19, 2013.

Linda Roberts Horsman, Assistant Public Advocate, Frankfort, KY, for appellant.

Jack Conway, Attorney General of Kentucky, John Paul Varo, Assistant Attorney General, Frankfort, KY, for appellee.

Before CAPERTON, LAMBERT, and MAZE, Judges.

## OPINION

LAMBERT, Judge:

Edward Antonio Lewis appeals from the January 25, 2012, final judgment and sentence of the Fayette Circuit Court. That judgment found Lewis guilty of two counts of second-degree robbery; of being a persistent felony offender, first degree, and sentenced him to a total of fifteen years. Finding no error, we affirm.

On March 8, 2011, Shawn Thomas was working at a Thornton's convenience store in Lexington, Kentucky, when Lewis approached the counter and stated "give me all the money." Lewis's right hand was located inside his coat pocket. Startled, Thomas stepped away from the counter. Thomas returned to the counter, at which time Lewis propped his hand, still inside his jacket pocket, up on the counter and again demanded money. Thomas testified that he believed Lewis to possess a gun and as a result was in fear for his life. Thomas gave Lewis the money from the register and Lewis left. Thomas then called the police who arrived at the store and began an investigation. While viewing the store's surveillance footage, several officers recognized Lewis as the robber, because they had encountered him earlier in the evening waiving down vehicles and attempting to obtain crack cocaine.

The following evening, Daniel Robinson, upon returning home from a convenience store, was shoved and robbed by Lewis. Robinson chased Lewis and demanded the return of the money that had been stolen from his pocket. After overcoming Lewis, Robinson and his cousin, Samuel Clark, restrained Lewis until the police arrived. Lewis was subsequently arrested, charged with robbery in the second degree and alcohol intoxication, and transported to the Fayette County Detention Center. Thereafter, while speaking with detectives, Lewis admitted to robbing the Thornton's store the evening before but stated that he did not have a gun while doing so.

Lewis was subsequently indicted for two counts of robbery in the second degree, alcohol intoxication, and being a persistent felony offender in the first degree. The evidence presented at trial included the testimony of Thomas, Robinson, Clark, and several police officers. Additionally, the Thornton's surveillance video was played for the jury. Lewis offered no opposing evidence. Following the Commonwealth's case, Lewis moved for a directed verdict and argued that there was insufficient evidence to support a charge of second-degree robbery because there was no evidence that Lewis had used, or threatened to use, force during the Thornton's robbery. Lewis's motion was denied.

Following deliberations, the jury found Lewis guilty of two counts of robbery in the second degree and of being a persistent felony offender in the first degree. The jury imposed a sentence of five years and ten years for the respective robbery charges, enhanced to fifteen and ten years by the persistent felony offender conviction, to run concurrently. The trial court entered a judgment in conformity with the jury's verdict. This appeal followed.

Lewis's solitary argument on appeal is that the trial court erred by failing to grant his motion for directed verdict. When ruling on a motion for directed verdict, "the trial court must draw all fair and reasonable inferences from the evidence in favor of the Commonwealth." *Commonwealth v. Benham*, 816 S.W.2d 186, 187

(Ky.1991). The trial court should assume the legitimacy of the Commonwealth's evidence, but allow the jury to determine the credibility and weight to be given to that evidence. *Id.* The motion should be denied "if the evidence is sufficient to induce a reasonable juror to believe beyond a reasonable doubt that the defendant is guilty...." *Id.* Therefore, we review a trial court's denial of directed verdict to determine whether, considering the totality of the evidence, it would be clearly unreasonable for a jury to find guilt. *Id.* If not, then the trial court's denial shall be affirmed. *Id.*

■ Lewis argues that a directed verdict was appropriate because the charge of second-degree robbery was unsupported by the evidence. "A person is guilty of robbery in the second degree when, in the course of committing theft, he uses or threatens the immediate use of physical force upon another person with intent to accomplish the theft." Kentucky Revised Statutes (KRS) 515.030(1). Lewis maintains that the Commonwealth offered no evidence that he threatened Thomas with the use of physical force in any manner during the execution of the Thornton's robbery. We disagree.

■ The parties agree that there was no evidence that Lewis expressly threatened the use of physical force against Thomas. However, the Kentucky Supreme Court has held that the threat of physical force, in order to meet the elements of robbery in the second degree, can be implied by a defendant's conduct. *Tunstull v. Commonwealth,* 337 S.W.3d 576 (Ky.2011); *Birdsong v. Commonwealth,* 347 S.W.3d 47 (Ky.2011). The Court in *Tunstull* noted:

> An individual, particularly when masked or otherwise disguised, coming into a bank aggressively demanding money is a threat in and of itself—the implication clearly being that if the employees or customers do not comply, that physical force will follow.

337 S.W.3d at 583. Although Lewis did not don a disguise during the Thornton's robbery, he kept his hand in his pocket and even went so far as to prop his concealed hand up on the counter. The implication of such an act is that his hand contained a gun which would be discharged if Thomas failed to comply with his request. Additionally, Thomas testified that Lewis's behavior gave the impression that he had a gun, and that Thomas was in fear for his life. Given the totality of the evidence, it would not be clearly unreasonable for a jury to find that Lewis was threatening the immediate use of physical force. *See Benham,* 816 S.W.2d 186; KRS 515.030. Accordingly, we find no error with the trial court's denial of Lewis's motion for a directed verdict.

For the foregoing reasons, the January 25, 2012, final judgment and sentence of the Fayette Circuit Court is affirmed.

ALL CONCUR.