RENDERED:  MARCH 26, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0105-MR

ROBERT OATES                                                          APPELLANT


APPEAL FROM LIVINGSTON CIRCUIT COURT
v.        HONORABLE CLARENCE A. WOODALL, III, JUDGE
ACTION NO. 17-CR-00046


COMMONWEALTH OF KENTUCKY                              APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, TAYLOR, AND K. THOMPSON, JUDGES.

CALDWELL, JUDGE:  Robert Oates ("Oates") appeals from his conviction of

Theft by Unlawful Taking over $500 and his resultant sentence of one-year

imprisonment.  He alleges that the trial court erred in not directing a verdict on the

charge.  He also complains that the trial court allowed evidence to be presented

which was more prejudicial than probative because it was not properly

authenticated, but acknowledges that he did not object to the admission of the

evidence at trial. Finally, he alleges that the complaining witness's utterance to the Appellant whilst leaving the witness box was prejudicial and the jury should have been admonished to ignore the utterance; relief he did not request from the trial court. We affirm.

## FACTS

In 2016, Oates was working for Greer Excavating in Livingston County. Oates had previously operated his own construction business, but upon divorcing, he had dissolved his business. While wrapping up his business, he sold some equipment. This included a bulldozer which he sold to Greer Excavating, owned and operated by Keith Greer ("Greer"). He then began working for Greer as an employee.

In September of 2016, Oates was approached by Jim Tinsley ("Tinsley"), who wanted to have some work done on property he owned. Understanding that Tinsley would pay more if Greer Excavating was engaged, Oates agreed to do the work for Tinsley as a side job "as a favor."

According to Oates, he told Greer about the Tinsley job and Greer agreed to allow him to use the bulldozer to do the work for Tinsley as long as rent was paid for its use. After several weeks, toiling after work hours, Oates finished the job and was paid by Tinsley via check made payable to Oates Construction in the amount of $1,600, plus title to a Jeep valued by the parties at $500.

Oates insists he then reimbursed Greer Excavating for materials he had ordered for the Tinsley job through Greer Excavating, and made this reimbursement in cash. He also alleged that he had paid Greer for rental of the bulldozer. The total amount that Oates alleged he paid Greer for the job was $1,900. He did not ask for or receive a receipt. Evidence at trial suggested Tinsley paid Oates a total of $2,100 in cash plus the value of the Jeep.

Greer had a different view of the situation. He testified at the trial that he was wholly unaware of the Tinsley job and denied that Oates ever asked permission to use the bulldozer or order materials for the job through Greer Excavating. When Greer was billed for the materials, he asked Oates about the bill and learned of the Tinsley job. Oates assured him that he would reimburse the company for the materials. When Greer was never paid for the materials by his employee, Oates, he approached Tinsley for payment. That was when he was presented with evidence that Tinsley had paid "Oates Construction" for the work which had been completed using Greer Excavating equipment and with materials purchased through the company. Greer denied ever being reimbursed by Oates for any of the materials or the use of the bulldozer, despite Oates' testimony to the contrary.

Oates was charged with Theft by Unlawful Taking over $500 but under $10,000, a Class D felony. Following a trial at which the trial court entered

-3-

a directed verdict as to the Jeep, Oates was found guilty for keeping the $1,600 which Tinsley had paid him. The jury recommended the minimum sentence of one-year imprisonment, which was imposed by the Livingston Circuit Court. He now appeals as a matter of right.

## STANDARD OF REVIEW AND ANALYSIS

### *Directed Verdict*

The standard of review for the denial of a motion for directed verdict of acquittal involves the following:

> On motion for directed verdict, the trial court must draw all fair and reasonable inferences from the evidence in favor of the Commonwealth. If the evidence is sufficient to induce a reasonable juror to believe beyond a reasonable doubt that the defendant is guilty, a directed verdict should not be given. For the purpose of ruling on the motion, the trial court must assume that the evidence for the Commonwealth is true, but reserving to the jury questions as to the credibility and weight to be given to such testimony.

*Commonwealth v. Benham*, 816 S.W.2d 186, 187 (Ky. 1991).

Oates argues that the trial court erred when it allowed the jury to deliberate because there was insufficient evidence provided to support a finding of guilt. He complains that the evidence—which consisted of the testimony of Keith Greer and Jim Tinsley, as well as the check Tinsley gave him payable to Oates Construction, and receipts for materials Oates purchased through Greer Excavating

-4-

to complete the Tinsley gig—was not sufficient because Oates himself disputed their testimony.

However, Oates forgets that it is the jury who is the arbiter of the credibility of witnesses when testimony is in conflict. What Oates suggests is that the trial court should have placed his judgment as to the credibility of the witnesses as paramount to the judgment of the trier of fact, *i.e.*, the jury. However, the law is actually in opposition to his argument.

> [Such an argument] improperly shifts the credibility determination from the jury to the judge. As cautioned by Professor Lawson, the power to disqualify witnesses "should be applied grudgingly, only against the 'incapable' witness and never against the 'incredible' witness, since the triers of fact are particularly adept at judging credibility." Robert G. Lawson, *The Kentucky Evidence Law Handbook* § 3.00[2][b] at 239 (5th ed. 2013) (quoting the Evidence Rules Study Committee, Kentucky Rules of Evidence—Final Draft, p. 54 (Nov. 1989)).

*Ross v. Commonwealth*, 531 S.W.3d 471, 477 (Ky. 2017).

When the testimony of witnesses differs on a fact, it is the jury's responsibility to determine witness credibility and find facts. It is not the trial court's purview to remove that duty from the jury.

> [W]hen looking at the trial court's failure to grant a directed verdict, an appellate court should not reverse unless "it would be clearly unreasonable for a jury to find guilt." *Commonwealth v. Benham*, 816 S.W.2d 186, 187 (Ky. 1991).

-5-

*Commonwealth v. Goss*, 428 S.W.3d 619, 625-26 (Ky. 2014), *as modified* (Apr. 28, 2014). A simple divergence of testimony, such as that at issue here, is insufficient for us to determine "it would be clearly unreasonable for a jury to find guilt." *Id.*

The trial court properly allowed the jury to determine which witnesses to find credible, and, through the testimony, determine the facts it found supported by substantial evidence. We cannot say that it was wholly unreasonable for the jury to have found the testimony of Tinsley and Greer credible and to have found the testimony of Oates to be self-serving and less worthy of belief. The trial court did not err in denying the motion for a directed verdict.

*Admission of Evidence*

Oates made no objection to the introduction of the evidence of which he now complains; thus, he alleges that the introduction of the evidence rises to the level of palpable error.

> A palpable error which affects the substantial rights of a party may be considered by the court on motion for a new trial or by an appellate court on appeal, even though insufficiently raised or preserved for review, and appropriate relief may be granted upon a determination that manifest injustice has resulted from the error.

Kentucky Rules of Criminal Procedure (RCr) 10.26.

> A palpable error is clear and plain, affects the substantial rights of a party, and is more likely than other ordinary errors to affect the outcome of the case. *Miller v.*

> *Commonwealth*, 283 S.W.3d 690, 695 (Ky. 2009). Even so, the defendant is not entitled to relief unless it can be determined that manifest injustice, i.e., a repugnant and intolerable outcome, resulted from that error. *Id.*

*McCleery v. Commonwealth*, 410 S.W.3d 597, 605-06 (Ky. 2013).

Oates alleges that the introduction of receipts for the materials he purchased for the Tinsley job through Greer Excavating were not properly authenticated. He claims this because of handwritten notations which appear on several of them, and complains that one of the receipts was completely handwritten. Oates alleges that it is only these handwritten notations that link the receipts to the Tinsley job, and therefore to him, alleging that the receipts could have been from other jobs performed for Greer Excavating customers. He forgets, however, that he testified that he ordered materials for the Tinsley job through Greer Excavating, utilizing the company's ability to order materials without having to pay immediately as he would have had to if he had ordered the materials himself.

Oates' failure to challenge the admissibility of the receipts for the materials at trial requires the application of the more vigorous standard of palpable error in reviewing his allegation of error. We cannot say that "a repugnant and intolerable outcome, resulted" because of the introduction of the receipts. *Id.* at 606. The testimony of Tinsley and Greer alone was sufficient for the jury to find guilt, and these receipts were not the linchpin of the case. We cannot say that the

-7-

result of this trial was so shocking or repugnant as to require reversal or that there is a "probability of a different result or error so fundamental as to threaten a defendant's entitlement to due process of law." *Martin v. Commonwealth*, 207 S.W.3d 1, 3 (Ky. 2006). Therefore, we find no palpable error in the introduction of the receipts.

*Witness Comment While Leaving the Stand*

We will review this allegation of error for an abuse of discretion. *Shegog v. Commonwealth*, 142 S.W.3d 101 (Ky. 2004). However, we must point out that despite Oates' arguments to the contrary, at trial he never requested specific relief for what he alleges occurred when Mr. Greer left the witness stand. Therefore, our review for an abuse of discretion is of a generous nature as we could just have soundly determined that a palpable error review was warranted. As we do not believe that he is entitled to relief under either standard of review, we will review the trial court's actions for an abuse of discretion.

Mr. Greer was called by the Commonwealth on rebuttal after Oates testified in his own defense. Upon leaving the stand and walking past defense counsel table where Oates sat, Mr. Greer apparently made a disparaging comment to him. The comment was not caught by the courtroom microphones and thus we only have counsel's representations to the content of Mr. Greer's utterance at the bench. But, suffice it to say, Mr. Greer was not kindly disposed towards Oates and

expressed that opinion in strong language as an aside. An attorney, not involved in the matter at hand, was present in the courtroom and was close to counsel table, heard the utterance, and approached the bench with defense counsel to discuss the matter with the trial court.

We have no reason to believe the utterance did not occur as defense counsel and uninterested counsel stated. However, we cannot say that the statement alone to the court, without asking for relief, was sufficient for a finding that the trial court abused its discretion in not taking action—particularly when defense counsel did not request any action be taken *vis-à-vis* the deliberating jury. Now, on appeal, Oates argues that the jury should have been polled and, if polling determined the remark was heard, admonished not to consider the remark if they did hear it. However, no such request was made by counsel at the trial. When the trial court asked counsel after the return of the verdict whether either side wished the jury to be polled on the verdict, defense counsel declined and did not bring up Greer's utterance again.

We cannot say that the trial court abused its discretion in not taking action on this matter, especially after defense counsel effectively waived the matter by not requesting any further action be taken after the guilty verdict was returned. Rather, we find the trial court was correct in not highlighting an unfavorable utterance about the defendant before the verdict as the jury could have found Oates

not guilty, and mentioning the utterance before deliberation could have affected the outcome, especially if the jury did not actually hear the aside. We find the trial court acted properly and did not abuse its discretion.

## CONCLUSION

Having reviewed the allegations of error, we find that the trial court did not err and AFFIRM the conviction and sentence.

TAYLOR, JUDGE, CONCURS.

THOMPSON, K., JUDGE, CONCURS IN RESULT ONLY.

BRIEFS FOR APPELLANT:

Kayla D. Deatherage
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel J. Cameron
Attorney General of Kentucky

Lauren Lewis
Assistant Attorney General
Frankfort, Kentucky