**William Kenneth JONES, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2006–CA–002254–MR.

Court of Appeals of Kentucky.

Jan. 4, 2008.

Case Ordered Published by Court of Appeals Feb. 15, 2008.

Bobby L. Amburgey, Lexington, KY, for appellant.

Gregory D. Stumbo, Attorney General of Kentucky, Henry Flores, Assistant Attorney General, Frankfort, KY, for appellee.

Before DIXON and LAMBERT, Judges; ROSENBLUM,[1] Senior Judge.

---

1. Senior Judge Paul W. Rosenblum, sitting as Special Judge by Assignment of the Chief

*OPINION*

LAMBERT, Judge.

William K. Jones appeals his misdemeanor convictions for marijuana possession and for fleeing or evading the police in the second degree. The circuit court imposed concurrent, six-month jail sentences for both crimes. We affirm.

The material facts are as follows. A peace officer pulled Jones over at night because Jones failed to dim his high-beam headlights for oncoming traffic. Once stopped, Jones gave his passenger a quantity of marijuana, exited the vehicle, and fled on foot all the while ignoring the peace officer's loud commands to stop. Subsequently, Jones was apprehended, tried, and convicted of marijuana possession and fleeing or evading the police in the second degree.

Jones's first two claims of error are that the trial court should not have instructed the jury on the crimes of trafficking in a controlled substance within 1000 yards of a school and tampering with physical evidence. We hold that both these exceptions are moot because the jury did not convict Jones of either crime. *See, e.g., McGinnis v. Commonwealth,* 875 S.W.2d 518, 523 (Ky.1994) (overruled on other grounds).

Jones's third claim of error is that the proof adduced at trial was insufficient to support his conviction for fleeing or evading police in the second degree. We disagree. Under KRS 520.100, the crime of fleeing or evading police in the second degree requires proof of flight from a peace officer creating a substantial risk of physical injury to any person. Unlike the crime of fleeing or evading in the first degree, no proof of risk of serious physical injury or death is required. *Contrast Bell*

*v. Commonwealth,* 122 S.W.3d 490, 497 (Ky.2003) (requiring substantial risk of serious physical injury or death). And here, the Commonwealth proved that Jones fled from the peace officer, at night, in the direction of a four-way traffic stop. Thus, even though no physical injury actually occurred as a result of Jones's flight, a jury still could have drawn the reasonable conclusion from the proof that, by running away from a peace officer in the direction of a four-way traffic stop in the dark, Jones created a situation inherently fraught with danger to himself, to the peace officer, and to any vehicular traffic near the four-way stop. Accordingly, we hold Jones's conviction for fleeing or evading a police officer in the second degree, is supported by sufficient evidence. *See Commonwealth v. Benham,* 816 S.W.2d 186, 187 (Ky.1991) (stating directed verdict standard).

For the foregoing reasons, we affirm the judgment of the Fayette Circuit Court.

ALL CONCUR.

Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.