RENDERED:  MAY 7, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1532-MR

THOMAS REEVES $\qquad$ APPELLANT

APPEAL FROM MONTGOMERY CIRCUIT COURT
v.        HONORABLE PAUL F. ISAACS, JUDGE
ACTION NO. 18-CR-00060

COMMONWEALTH OF KENTUCKY $\qquad$ APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, MCNEILL, AND TAYLOR, JUDGES.

CALDWELL, JUDGE:  Thomas Reeves appeals as a matter of right from his convictions for trafficking in a controlled substance in the first degree, first offense, and being a persistent felony offender in the first degree and his total sentence of imprisonment for twelve years.  We affirm.

# FACTS

In 2017, the Mt. Sterling Police Department began an investigation into drug trafficking after receiving several complaints about a specific address on Holt Avenue. The city police department partnered with the Montgomery County Police to conduct a controlled buy using confidential informant Ronnie Daniels (Daniels). Daniels had become an informant when he volunteered to assist law enforcement in investigating drug activity after having been a drug user.

On August 8, 2017, Daniels was given traceable cash and sent to buy narcotics from Appellant Thomas Reeves (Reeves). Before the transaction, officers searched as much of Daniels' vehicle as they could, but they could not search every inch because it was somewhat untidy. Daniels' person was wired for surreptitious audio and video recording. Officers in an unmarked vehicle parked close by the Holt Avenue address. Daniels, along with Reeves' girlfriend Courtney, arrived at the address and Reeves got into the vehicle's front seat.

Unfortunately, the video was obstructed by Daniels' clothing during the time Reeves was in the vehicle, but the audio was largely discernible. During the recording, Daniels drove to a location where a man, whom he later testified was Reeves, entered the front seat. Although Reeves is not visible on the video, his voice is on the audio. During the video, Reeves can be heard offering to provide another "tenth" of what he was selling to Daniels for an additional $10.

Reeves was only in the vehicle a short time before he was dropped off by Daniels, who proceeded immediately back to the meet up location. Daniels then turned over suspected methamphetamine which he told officers he received from Reeves. Later laboratory testing verified the material contained methamphetamine.

Reeves was charged with trafficking in a controlled substance in the first-degree, first offense, and being a persistent felony offender in the first-degree. Following a jury trial, he was found guilty of both offenses in a bifurcated proceeding, and the jury ultimately recommended a total sentence of imprisonment for twelve years, which the trial court imposed. He now appeals.

## STANDARD OF REVIEW AND ANALYSIS

*The Commonwealth established a transfer of drugs for money*

The standard of review on denial of a motion for directed verdict was stated clearly by the Kentucky Supreme Court in *Commonwealth v. Benham*:

> On appellate review, the test of a directed verdict is, if under the evidence as a whole, it would be clearly unreasonable for a jury to find guilt, only then the defendant is entitled to a directed verdict of acquittal.

816 S.W.2d 186, 187 (Ky. 1991).

Reeves' first argument is that the Commonwealth provided insufficient evidence of guilt that he "transferred" a controlled substance.

-3-

Transferring controlled substances is one method of satisfying the trafficking element in Kentucky Revised Statutes (KRS) 218A.1412:

> (1) A person is guilty of trafficking in a controlled substance in the first degree when he or she knowingly and unlawfully traffics in:
>
> . . .
>
> (b) Two (2) grams or more of methamphetamine;
>
> . . .
>
> (e) Any quantity of a controlled substance specified in paragraph (a), (b), or (c) of this subsection in an amount less than the amounts specified in those paragraphs.

"Traffic" is further defined in KRS 218A.010:

> (56) "Traffic," except as provided in KRS 218A.1431, means to manufacture, distribute, dispense, sell, transfer, or possess with intent to manufacture, distribute, dispense, or sell a controlled substance;
>
> (57) "Transfer" means to dispose of a controlled substance to another person without consideration and not in furtherance of commercial distribution[.]

The evidence clearly established that Daniels gave Reeves $80 of the money he was given by the officers in exchange for the methamphetamine. Thus, the Commonwealth proved not "transfer," or disposing without consideration, but rather "selling," which is another method to satisfy the element of "trafficking." Reeves' argument is not well taken.

The testimony of Daniels, coupled with the audio which clearly established that a sale occurred, more than satisfied the element of trafficking by sale. It was not clearly unreasonable for the jury to be allowed to deliberate guilt. The trial court did not err.

*Admission of the video was not error*

Reeves' second argument challenges the admissibility of the video of the drug transaction. However, Reeves acknowledges that he did not object to admission of the buy video and audio at trial and requests review for palpable error.

> A palpable error which affects the substantial rights of a party may be considered by the court on motion for a new trial or by an appellate court on appeal, even though insufficiently raised or preserved for review, and appropriate relief may be granted upon a determination that manifest injustice has resulted from the error.

Kentucky Rules of Criminal Procedure (RCr) 10.26.

> A palpable error is clear and plain, affects the substantial rights of a party, and is more likely than other ordinary errors to affect the outcome of the case. *Miller v. Commonwealth,* 283 S.W.3d 690, 695 (Ky. 2009). Even so, the defendant is not entitled to relief unless it can be determined that manifest injustice, i.e., a repugnant and intolerable outcome, resulted from that error. *Id.*

*McCleery v. Commonwealth*, 410 S.W.3d 597, 605-06 (Ky. 2013).

Despite his lack of objection at trial, Reeves now argues the fact that the video of the recording was obstructed by Daniels' clothing renders the

-5-

recording wholly irrelevant, and therefore prejudicial, under Kentucky Rules of Evidence (KRE) 403.[1]

Based on our review of the record below, we cannot say that the admission of the video was manifestly unjust. Rather, the video and the accompanying audio served as corroboration for Daniels' testimony and was probative of the occurrence of the transaction alleged in the indictment. Evidence which tends to prove guilt may be prejudicial, but if it is sufficiently probative, it is admissible and properly relied upon in a finding of guilt. KRE 403.

> KRE 403, which is derived from its Federal counterpart, does not offer protection against evidence that is merely prejudicial in the sense that it is detrimental to a party's case. *Carter v. Hewitt*, 617 F.2d 961, 972 (3d Cir.1980); *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 427 (5th Cir. 2006) ("'[U]nfair prejudice' as used in Rule 403 is not equated with testimony that is merely adverse to the opposing party.").

*Webb v. Commonwealth*, 387 S.W.3d 319, 326 (Ky. 2012).

As the Commonwealth argues, even if we were to find that the video was improperly admitted, which we do not, the admission would not amount to error which would rise to the level of rendering the entire trial fundamentally unfair such as to amount to manifest injustice under RCr 10.26. There was

---

[1] "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of undue prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." KRE 403.

sufficient evidence without the video, through Daniels's testimony, to prove guilt beyond a reasonable doubt. *See Graves v. Commonwealth*, 17 S.W.3d 858, 864 (Ky. 2000).

*No error in the admission of the controlled substance*

Finally, Reeves argues that the chain of custody of the drugs sold to Daniels was not properly established to introduce the drug evidence at trial. We review the admission of evidence for an abuse of the trial court's discretion. *Childers v. Commonwealth*, 332 S.W.3d 64, 68 (Ky. 2010), *overruled on other grounds by Allen v. Commonwealth*, 395 S.W.3d 451 (Ky. 2013). A trial court abuses its discretion when it renders a decision which is "arbitrary, unreasonable, unfair or unsupported by sound legal principles." *Id.* (citing *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999)).

Reeves complains that many weeks passed after the state laboratory conducted its analysis of the substance turned over by Daniels before returning it to the police. The substance, through testing, was revealed to be methamphetamine. Reeves questions whether the Commonwealth therefore provided a complete chain of custody.

The Commonwealth responds by pointing out that Reeves has no complaint about the chain of custody from the time Daniels turned the substance over to the police until the testing proved it was methamphetamine. The purpose

of establishing a chain of custody is to prove that the substance retrieved from the suspect could not have been exchanged before it is tested, such that an innocuous substance could be switched for a nefarious one which would then be tested to reveal a controlled substance.

> Even with respect to substances which are not clearly identifiable or distinguishable, it is unnecessary to establish a perfect chain of custody or to eliminate all possibility of tampering or misidentification, so long as there is persuasive evidence that "the reasonable probability is that the evidence has not been altered in any material respect." *United States v. Cardenas*, 864 F.2d 1528, 1532 (10th Cir.1989), *cert. denied*, 491 U.S. 909, 109 S. Ct. 3197, 105 L. Ed. 2d 705 (1989). *See also Brown v. Commonwealth*, Ky., 449 S.W.2d 738, 740 (1969). Gaps in the chain normally go to the weight of the evidence rather than to its admissibility. *United States v. Lott*, 854 F.2d 244, 250 (7th Cir. 1988).

*Rabovsky v. Commonwealth*, 973 S.W.2d 6, 8 (Ky. 1998).

The trial court did not err in admitting into evidence the drugs passed to Daniels from Reeves. The Commonwealth clearly provided a chain of custody that established, pursuant to KRE 901, that the object had not at any time prior to its testing been available for adulteration. The evidence supported a conclusion that the lab tested the substance turned over to the officers by Daniels. What happened to the substance following that testing was not relevant to the jury's determination. Even so, Reeves did not provide any reason to believe the substance held by the state police lab was adulterated after its testing either.

Testing was concluded, and the substance was transmitted back to the Mt. Sterling

Police Department.

## **CONCLUSION**

For the foregoing reasons, we affirm the judgment of the Montgomery

Circuit Court.

ALL CONCUR.


BRIEFS FOR APPELLANT:

Kayla D. Deatherage
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Courtney Kay Han
Assistant Attorney General
Frankfort, Kentucky