RENDERED: JULY 30, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0375-MR

NATHANIEL HUSKEY                                         APPELLANT


APPEAL FROM LOGAN CIRCUIT COURT
v.        HONORABLE JOE W. HENDRICKS, JR., JUDGE
ACTION NO. 19-CR-00155


COMMONWEALTH OF KENTUCKY                                 APPELLEE


AND                   NO. 2020-CA-0377-MR

NATHANIEL HUSKEY                                         APPELLANT


APPEAL FROM LOGAN CIRCUIT COURT
v.        HONORABLE JOE W. HENDRICKS, JR., JUDGE
ACTION NO. 18-CR-00348


COMMONWEALTH OF KENTUCKY                                 APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, JONES, AND TAYLOR, JUDGES.

CALDWELL, JUDGE:  Nathaniel Huskey (Huskey) appeals from his convictions of two counts of trafficking in a controlled substance in the first-degree, one count of possession of a controlled substance in the first degree, and three counts of possession of drug paraphernalia, and his sentence of ten (10) years' imprisonment. We affirm.

## FACTS

In 2018, the Russellville Police Department conducted drug trafficking investigations and employed Lee Rosser (Rosser) as a confidential informant.  Rosser was fitted with audio and video equipment, given marked bills, and sent to conduct several controlled drug buys from Huskey.  Prior to each buy, Rosser and his vehicle were searched.  Subsequent to each buy, Rosser was debriefed, and he provided the audio and video recordings as well as the substances he had obtained to the police.  The video was obscured during portions of the buys, but the audio was recorded each time.  Testing revealed the substance Rosser turned over, which he stated he purchased from Huskey, contained cocaine.

Following three buy operations conducted in July and September of 2018, Huskey was indicted and charged with three counts of trafficking in a controlled substance and three counts of possession of drug paraphernalia for the baggies in which the cocaine was packaged.

-2-

At trial, Rosser testified as to the events of each controlled buy operation, along with Officer Troy Robinson of the Russellville Police Department. The jury found Huskey guilty of two counts of trafficking, finding him guilty of the lesser-included offense of possession of a controlled substance for the second controlled buy because only audio corroboration was captured. The jury recommended a total sentence of ten (10) years, which the Logan Circuit Court imposed. Huskey appeals as a matter of right, alleging that a directed verdict should have been granted as to all counts and that irrelevant and prejudicial evidence improperly introduced denied him a fair trial. We affirm.

## I. DIRECTED VERDICT

## STANDARD OF REVIEW

The standard of review for the denial of a motion for directed verdict of acquittal is:

> On motion for directed verdict, the trial court must draw all fair and reasonable inferences from the evidence in favor of the Commonwealth. If the evidence is sufficient to induce a reasonable juror to believe beyond a reasonable doubt that the defendant is guilty, a directed verdict should not be given. For the purpose of ruling on the motion, the trial court must assume that the evidence for the Commonwealth is true, but reserving to the jury questions as to the credibility and weight to be given to such testimony.

On appellate review, the test of a directed verdict is, if under the evidence as a whole, it would be clearly unreasonable for a jury to find guilt, only then the defendant is entitled to a directed verdict of acquittal.

*Commonwealth v. Benham*, 816 S.W.2d 186, 187 (Ky. 1991) (citations omitted).

## ANALYSIS

In arguing that the trial court erred in not directing a verdict of acquittal on all counts, Huskey alleges that Rosser, the confidential informant, was not of sufficient credibility and his lack of credibility is fatal to the government's case. He begins his argument citing statements by the trial court which indicate that it, who obviously had prior contact with Rosser, believed him to be a liar.

However, the *Benham* standard requires the trial court to consider the testimony adduced to be true and only direct a verdict of acquittal if, after doing so, there is still a dearth of evidence to support a finding of guilt. *Id.* The fact that the trial court believed Rosser to be incredible, alone, is insufficient for us to find that the trial court should not have allowed the arbiter of the credibility of the witness, the jury, to determine the verdict. The jury is the trier of fact and it is for the jury to make determinations concerning weight or credibility of witnesses.

In deciding a motion for directed verdict, the trial court must view the evidence in the light most favorable to the Commonwealth. As noted above, the trial court must accept the evidence as true. The jury may find the evidence to be otherwise; however, that is solely the jury's prerogative.

-4-

*Eversole v. Commonwealth*, 600 S.W.3d 209, 218 (Ky. 2020) (internal citations omitted).

When testimony is implausible, the trial court must not simply enter directed verdict, but must review the balance of the evidence to deduce if sufficient other evidence was presented to allow the case to go to the trier of fact. *Ross v. Commonwealth*, 531 S.W.3d 471, 474 (Ky. 2017). Huskey alleges that the Commonwealth did not present sufficient evidence, other than the testimony of Rosser, to the trial court for conviction and insists the trial court erred in not directing a verdict of acquittal.

For the first transaction, which occurred on July 3, 2018, Rosser provided crack cocaine upon returning to Officer Robinson. Officer Robinson, who Huskey does not allege was incredible, provided testimony that Rosser and his vehicle were searched before and after he proceeded to the location of the transaction. Photographs were introduced that purported to depict Huskey, which established that Rosser encountered Huskey during his absence from Officer Robinson. Such testimony alone is sufficient evidence to allow the jury to determine the verdict and if it believed that there was sufficient corroboration of Rosser's testimony and whether his testimony was believable, which it apparently did, to find guilt.

The second transaction was alleged to have occurred on July 6, 2018. The jury found Huskey guilty only of possession of a controlled substance for this charge, acquitting him of trafficking. As to this allegation, there was no photographic proof provided. Even if we are to disregard Rosser's testimony, the jury heard the testimony of Officer Robinson. This testimony was an adequate basis for allowing the jury to determine if his testimony and the recovery of crack cocaine alone was sufficient to find Huskey guilty of possession. Robinson testified that Rosser and his vehicle were searched prior to his leaving Robinson's presence, and when he returned he had cocaine in his possession. It was the purview of the jury to determine if there was sufficient corroboration of Rosser's testimony to find guilt.

For the last transaction, which occurred on September 17, 2018, there was again photographic proof of a person identified as Huskey with cash being presented to him while he leaned in a car window. This, coupled with Officer Robinson's testimony, was sufficient proof to allow the jury to determine if it believed the Commonwealth met its burden of proof beyond a reasonable doubt. We find there was sufficient evidence presented for each transaction, even if Rosser's testimony was disregarded given the trial court's evaluation of his credibility or lack thereof, to allow the charges to go to the jury.

## II.  **KRE 404(B) EVIDENCE**

## STANDARD OF REVIEW

There was no objection made to the testimony now complained of during the trial.  Huskey requests palpable error review pursuant to RCr[1] 10.26.

> A palpable error which affects the substantial rights of a party may be considered by the court on motion for a new trial or by an appellate court on appeal, even though insufficiently raised or preserved for review, and appropriate relief may be granted upon a determination that manifest injustice has resulted from the error.
>
> RCr 10.26.  A palpable error is clear and plain, affects the substantial rights of a party, and is more likely than other ordinary errors to affect the outcome of the case. *Miller v. Commonwealth*, 283 S.W.3d 690, 695 (Ky. 2009).  Even so, the defendant is not entitled to relief unless it can be determined that manifest injustice, i.e., a repugnant and intolerable outcome, resulted from that error. *Id.*

*McCleery v. Commonwealth*, 410 S.W.3d 597, 605-06 (Ky. 2013).

## ANALYSIS

Huskey alleges that he was denied a fair trial when Rosser testified that he saw young people smoking cocaine inside Huskey's home during his visits there for the transactions.  Huskey questions the relevance of such evidence and insists that the testimony was simply prejudicial.  While the testimony was perhaps

---

[1] Kentucky Rules of Criminal Procedure.

prejudicial, it was also relevant as it corroborated the presence of crack cocaine in Huskey's home. The standard is not that prejudicial testimony cannot be introduced, but that the introduction of unduly prejudicial testimony will deny due process to the accused.

> [E]vidence is only excluded when prejudice rises to a level of impropriety or is likely to invoke hostility. *See, e.g.*, *Dixon v. Commonwealth*, 149 S.W.3d 426, 431 (Ky. 2004). By analogy, a burden is "undue" only when the defendant's rights are negatively and materially impacted by the contested action.

*Walker v. Commonwealth*, 548 S.W.3d 250, 253 (Ky. 2018).

Since there was relevance to the testimony, it cannot be considered palpable error for the jury to have heard the unobjected-to testimony. Further, the ages of the persons viewed smoking a substance and if the substance was cocaine was unclear. It is therefore not clear that the testimony raised the issue of the uncharged crime Huskey alleges it did, *i.e.*, unlawful transaction with a minor. This clearly was not an instance of manifest injustice where a repugnant and intolerable outcome resulted as a result of the testimony. "Generally, a palpable error affects the substantial rights of the party 'only if it is more likely than ordinary error to have affected the judgment.'" *Martin v. Commonwealth*, 409 S.W.3d 340, 344 (Ky. 2013).

## CONCLUSION

We find that the trial court properly considered the motion for directed verdicts of acquittal. Even putting aside the testimony of the confidential informant, who the trial court had acknowledged it believed to be an untruthful person, there was sufficient evidence to allow the jury to determine the outcome. Further, the testimony of the witness who viewed young persons at the accused's home smoking crack cocaine was not so unduly prejudicial that, without objection or admonishment, a reversal of the conviction is required. We affirm the judgment and sentence and verdict after jury trial entered by the Logan Circuit Court on February 11, 2020.

ALL CONCUR.


BRIEFS FOR APPELLANT:

Steven J. Buck
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Lauren Lewis
Assistant Attorney General
Frankfort, Kentucky