RENDERED: DECEMBER 22, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1267-MR

JONATHAN HOWELL                                                         APPELLANT

APPEAL FROM FLOYD CIRCUIT COURT
v.      HONORABLE JOHN DAVID PRESTON, SPECIAL JUDGE
ACTION NO. 20-CR-00057

COMMONWEALTH OF KENTUCKY                                    APPELLEE

OPINION
REVERSING AND
REMANDING

** ** ** ** **

BEFORE: JONES, LAMBERT, AND K. THOMPSON, JUDGES.

LAMBERT, JUDGE: Jonathan Howell appeals his conviction as a second-degree

persistent felony offender ("PFO"). Specifically, Howell argues the trial court

erred in denying his motion for directed verdict in the penalty phase of the trial.

We agree and reverse and remand for proceedings consistent with this Opinion.

Howell was found guilty of second-degree assault following a jury

trial. He moved for a directed verdict on the assault charge at the close of all

evidence, but also preemptively moved for a directed verdict on the PFO charge. Howell argued the Commonwealth intended to rely on a November 2010 conviction in federal court as evidence to support the PFO conviction. The federal conviction sentenced Howell to thirty-six (36) months' incarceration followed by ten (10) years' supervised release. Defense counsel pointed out Howell had been revoked at some point while on supervised release and served out the remainder of his sentence in prison for an unknown amount of time, leaving open the question of whether he could be convicted of a PFO under KRS[1] 532.080(2)(c)3. The Commonwealth responded, in relevant part, thusly:

> [Howell] himself is aware of his federal conviction, that's a publicly available record. It's not some surprise thing nobody knew about . . . I think everyone agrees we got the original judgment that would put him within the five-year window [for a PFO conviction]. **It's just there's a revocation issue and we're trying to get the records on that to make absolutely certain that the original judgment is correct on the time frame**.

(Emphasis added.)

The trial court denied Howell's motion for directed verdict on the assault charges but declined to rule preemptively regarding the PFO. Howell again moved for a directed verdict regarding the PFO during the penalty phase of the trial. The Commonwealth argued the federal judgment alone put him within the

---

[1] Kentucky Revised Statute.

five-year window required by KRS 532.080(2)(c)3. Howell argued the Commonwealth knew Howell's supervised release was revoked at some point. The trial court denied Howell's motion and instructed the Commonwealth to present whatever evidence it had related to the federal conviction.

The Commonwealth did not call any witnesses in the penalty phase of the trial. Instead, it offered a packet of exhibits, including a certified copy of the 2010 judgment in Howell's federal conviction. The jury sentenced Howell to ten years' incarceration for the underlying assault charges, but also found him guilty of being a second-degree PFO, and enhanced the sentence of the underlying felony to fifteen years' incarceration. This appeal followed.

"On appellate review, the test of a directed verdict is, if under the evidence as a whole, it would be clearly unreasonable for a jury to find guilt, only then the defendant is entitled to a directed verdict of acquittal." *Commonwealth v. Benham*, 816 S.W.2d 186, 187 (Ky. 1991).

To convict Howell of the offense of second-degree PFO, the Commonwealth had to prove beyond a reasonable doubt all of the following: (a) that he was more than twenty-one years of age; (b) that he stood convicted of a new felony offense; (c) that he was previously convicted of one other felony offense for which he was sentenced to a term of imprisonment of at least one year; and (d) that he was over eighteen years of age when he committed the prior felony

offense. KRS 532.080(2). Howell does not challenge the sufficiency of the Commonwealth's proof on any of those elements.

However, pursuant to KRS 532.080(2)(c), the Commonwealth was further required to prove beyond a reasonable doubt at least one of the following facts:

> That [Howell]:
>
> 1. Completed service of the sentence imposed on the previous felony conviction within five (5) years prior to the date of commission of the felony for which he now stands convicted; or
>
> 2. Was on probation, parole, postincarceration supervision, conditional discharge, conditional release, furlough, appeal bond, or any other form of legal release from any of the previous felony convictions at the time of commission of the felony for which he now stands convicted; or
>
> 3. Was discharged from probation, parole, postincarceration supervision, conditional discharge, conditional release, or any other form of legal release on any of the previous felony convictions within five (5) years prior to the date of commission of the felony for which he now stands convicted; or
>
> 4. Was in custody from the previous felony conviction at the time of commission of the felony for which he now stands convicted; or
>
> 5. Had escaped from custody while serving any of the previous felony convictions at the time of commission of the felony for which he now stands convicted.

The jury was instructed under KRS 532.080(2)(c)3. The Commonwealth argues the original judgment shows that, because Howell would have been on supervised release for ten years from *at least* November 2010, this was well within the five-year window imposed under the statute. The problem with this argument is the Commonwealth acknowledged it was waiting on records to be "absolutely certain" about Howell's revocation status. As a result, the federal judgment presented to the jury may have been incomplete or inaccurate. Further, it was undisputed that, when Howell committed the instant felony in March 2020, he was no longer on supervised release from his federal conviction. Therefore, it stands to reason that Howell was likely revoked and served out his sentence prior to this date.[2]

We agree with Howell that the reasoning in *Moore v. Commonwealth*, 462 S.W.3d 378 (Ky. 2015), is directly on point. In *Moore*, the defendant was convicted of being a PFO. Similarly, the Commonwealth did not call any witnesses during the penalty phase of the trial and submitted only a packet of paperwork to the jury that contained certified copies of the defendant's prior convictions. The Kentucky Supreme Court concluded there was insufficient

---

[2] It is unknown from the record before us how much credit, if any, Howell received for time served toward his thirty-six month prison sentence at the time the federal judgement was entered in 2010. However, when considering the judgment alone and without the possibility of revocation, even if Howell had served the entire thirty-six months' incarceration at the time of judgment, he would have still been on supervised release until at least November 2020, and the underlying assault was committed in March 2020.

evidence that the defendant had completed a prior sentence within five years, citing to the "labyrinthine web of statutes and Corrections Cabinet regulations pertaining to good-time credits, parole eligibility time, shock probation, revocation and reinstatement of probation, and the obvious fact that a prison sentence is more likely to be appealed (thus deferring its finality)[.]" *Id.* at 386. The Court further ruled that

> [t]he Commonwealth was required to prove the *positive* of Appellant's status on [the date he committed the felony in the underlying action]. Either he was in the system, *e.g.*, incarcerated, probated, or paroled, or he was not. It is as simple as that. The defendant should not carry the burden on this information because, just as it is not a negative, it is also not information that would necessarily be unique to the defendant. Indeed, for the defendant to obtain proof of such relief, he would tie [sic] required to go through the Commonwealth and its associated agencies, and would most likely do so by calling as witnesses – the clerks and corrections officers – that the Commonwealth did not bother to produce. Forcing the defendant to do so improperly shifts the burden of proof, requiring the defendant to prove that he is not PFO-eligible.

*Id.* at 387.

Additionally, "to uphold a conviction, an appellate court must be convinced that the evidence supports a reasonable inference and is not just mere guess work. A trial court must be similarly convinced when faced with a motion for a directed verdict." *Whittle v. Commonwealth*, 352 S.W.3d 898, 907 (Ky. 2011) (internal quotation marks omitted). Here, the Commonwealth's evidence

regarding the PFO was based on guesswork because it acknowledged it did not have complete records pertaining to Howell's federal conviction and revocation. Therefore, the jury's verdict pertaining to the PFO was also based on guesswork. Of course, the jury did not know they were presented with potentially incomplete evidence.

The Commonwealth now argues it is not required to prove a negative as explained in *Shabazz v. Commonwealth*, 153 S.W.3d 806, 814-15 (Ky. 2005). We disagree. In *Shabazz*, the defendant was convicted of first-degree PFO under KRS 532.080. The Commonwealth called no witnesses in the penalty phase of the trial, but it presented an order of probation/conditional discharge to the jury that was within the five-year statutory window. The Kentucky Supreme Court held that, based on the evidence presented, the jury could have reasonably inferred the defendant was still on probation when he committed the underlying offenses. Howell's case is distinguishable. Despite the Commonwealth's argument to this Court, the issue is not whether the jury could have reasonably inferred that Howell was still on supervised release when he committed the underlying offense in March 2020, based on the federal judgment admitted into evidence. Rather, the Commonwealth acknowledged it was waiting on additional federal records that it did not have, and these records could have shown that, due to revocation, KRS 532.080(2)(c)3. was inapplicable or put Howell outside the five-year window for a

PFO conviction under *any* provision of KRS 532.080(2)(c). Again, proof that Howell met the qualifications for a PFO conviction beyond a reasonable doubt rested entirely with the Commonwealth.

> PFO status is typically very easy to prove and is very difficult to seriously challenge. The Commonwealth's burden in a PFO proceeding is both positive and clear: show, beyond a reasonable doubt, the criminal or corrections status of an individual on a certain date in question. We cannot continue to paint that burden as a negative one, much less one impossible to fulfill.

*Moore*, 462 S.W.3d at 388.

The Commonwealth was aware it did not have complete records concerning Howell's federal conviction and that those records would have clarified whether Howell had been discharged from supervised release within five years of the date he committed the underlying offense in March 2020. The trial court erred in denying Howell's motion for a directed verdict related to the PFO charge. We therefore reverse Howell's PFO conviction and remand to the trial court for sentencing of the underlying felony conviction consistent with this Opinion.

ALL CONCUR.

BRIEFS FOR APPELLANT:          BRIEF FOR APPELLEE:

Robert C. Yang                 Daniel Cameron
Frankfort, Kentucky            Attorney General of Kentucky

                               Stephanie L. McKeehan
                               Assistant Attorney General
                               Frankfort, Kentucky