RENDERED: JUNE 10, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1876-MR

TERRY GREGORY                                                         APPELLANT

v.               APPEAL FROM MCLEAN CIRCUIT COURT
                 HONORABLE BRIAN WIGGINS, JUDGE
                 ACTION NO. 19-CR-00045

COMMONWEALTH OF KENTUCKY                                              APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, DIXON, AND K. THOMPSON, JUDGES.

THOMPSON, K., JUDGE:  Terry Gregory appeals from a judgment of the

McLean Circuit Court following a jury trial convicting him of tampering with

evidence and first-degree trafficking in methamphetamine.  Gregory raises five

arguments regarding trial error but as we conclude there is no reversible error we

affirm.

On May 7, 2019, Gregory and John Boring sent a series of messages to one another through Facebook Messenger. In the messages, Boring asked Gregory if he would "front," or provide to Boring on credit, a quantity of approximately 3.5 grams of methamphetamine known as an "8-ball." Gregory and Boring had known each other for approximately two years and Boring testified at trial that Gregory regularly supplied him with methamphetamine.

At approximately 9:00 p.m. on the same night, the McLean County Sheriff's Office executed a search warrant on Boring's residence related to alleged activity involving methamphetamine. Just after 10:00 p.m., while deputies were searching Boring's home, Gregory knocked on the back door. Detective Brad McDaniel testified he opened the back door and saw Gregory and a female companion on the back porch. Gregory was to the left of the door, sitting on the railing that ran around the edge of the porch. Detective McDaniel and Deputy Fred Coomes exited Boring's residence and spoke to Gregory and the female subject on the back porch. Gregory repeatedly tried to reach into his right pocket, despite being warned not to do so. Deputies searched Gregory's person and a knife was recovered. After recovery of the knife, Gregory was detained for safety reasons as the sheriff's office was still searching the residence and it was unclear why Gregory was there.

While Deputy Coomes was detaining Gregory, Detective McDaniel walked into the back yard and began shining his flashlight on the ground in the area just below the back porch. Detective McDaniel gave an indication that he found something, and Deputy Coomes joined him. On the ground, directly below the railing where Gregory had been sitting, was a small blue container holding what was ultimately identified as approximately six and one-half (6.5) grams of methamphetamine. Gregory denied the container was his at the scene, but later, while at the McLean County Sheriff's Office, he admitted the methamphetamine belonged to him, but insisted it was for personal use only.

Gregory was indicted for tampering with evidence and first-degree trafficking of methamphetamine. Following a jury trial, he was convicted on both counts. In accordance with the jury's recommendation Gregory was sentenced to three years' imprisonment for tampering with evidence and ten years' imprisonment for trafficking methamphetamine to run consecutively for a total of thirteen years' imprisonment.

Gregory makes five arguments on appeal. Gregory asserts: (1) he was entitled to a directed verdict on the charge of tampering with evidence; (2) the trial court erred by refusing to let him cross examine Deputy Coomes regarding his termination from the Owensboro Police Department; (3) the trial court erred by allowing into evidence what Gregory contends was inadmissible hearsay through

Boring; (4) Deputy Coomes's testimony improperly used Gregory's right to remain silent against him as evidence of guilt; and (5) the cumulative effect of the errors Gregory now asserts warrant reversal of the trial court's judgment. Because we affirm the trial court regarding Gregory's first four arguments, we decline to address cumulative error.

Gregory's first argument is that the evidence presented did not, as a matter of law, support his conviction for tampering with physical evidence under Kentucky Revised Statutes (KRS) 524.100. Gregory moved for, and was denied, a directed verdict at the close of the Commonwealth's case-in-chief and again at the close of presentation of all the evidence. On appeal, the standard of review of the denial of a directed verdict is, if under the evidence as a whole it would be clearly unreasonable for a jury to find guilt, only then the defendant is entitled to a directed verdict of acquittal. *Commonwealth v. Benham*, 816 S.W.2d 186, 187 (Ky. 1991).

Gregory relies on *Commonwealth v. James*, 586 S.W.3d 717 (Ky. 2019), and *McGuire v. Commonwealth*, 595 S.W.3d 90 (Ky. 2019), to argue that the methamphetamine was dropped in the presence and view of sheriff's deputies and, therefore, he should have been granted a directed verdict.

KRS 524.100 provides, in relevant part:

-4-

>(1) A person is guilty of tampering with physical
>evidence when, believing that an official proceeding
>is pending or may be instituted, he:
>
>>(a) Destroys, mutilates, conceals, removes or
>>alters physical evidence which he
>>believes is about to be produced or used
>>in the official proceeding with intent to
>>impair its verity or availability in the
>>official proceeding[.]

To be convicted of tampering with evidence under the statute, a defendant must have the requisite "intent to impair" the evidence's "verity or availability in [an] official proceeding." *James*, 586 S.W.3d at 719. The Commonwealth must also prove beyond a reasonable doubt that a defendant committed the requisite act. Since Gregory did not destroy, mutilate, or alter the container of methamphetamine by dropping it from the porch into the grass below, a question of fact remains as to whether he concealed or removed it.

In *James*, the defendant ignored demands to stop walking away from law enforcement officials. As he continued to walk away, the officer in pursuit saw several items, including a cylindrical container, drop from the defendant's waist area. Once the defendant was detained, the officer returned to find the container. Alongside the container, the officer also found a glass pipe containing residue of what was later identified as methamphetamine. *Id*. at 720.

Similarly, in *McGuire*, the defendant was involved in a foot chase with law enforcement officials. During the chase, an officer saw the defendant

-5-

throw his arm away from the right side of his body. Once the defendant was detained and officers returned to the spot, they discovered two baggies. One contained marijuana and the other contained methamphetamine. *McGuire*, 595 S.W.3d at 93.

In both *James* and *McGuire*, the Kentucky Supreme Court held the trial courts should have granted the defendants' motions for directed verdict on the tampering charges because the dropping or tossing of evidence in plain view of law enforcement did not amount to concealment or removal of evidence. However, our highest court pointed out the narrowness of a factual scenario where "a person, in plain view of an officer, drops or tosses away evidence of a possessory crime in a manner that makes the evidence easily retrievable by law enforcement." *James*, 586 S.W.3d at 725.

In both *James* and *McGuire*, the evidence came into view of the officers while they were observing, and pursuing, the defendants. In each instance, law enforcement saw the evidence being discarded, saw where the evidence was dropped, and easily retrieved it. Therefore, it was never concealed or removed pursuant to KRS 524.100. This narrow exception is not present here. Testimony was presented that the container was never in plain view of law enforcement during the time Gregory was approached, questioned, or physically searched. The officers testified that they did not see him drop or toss the container from the

porch. An officer testified that he searched around the porch because he knows that suspects often discard contraband, not because he had seen any movement indicating to him that illicit items had been intentionally discarded. Importantly, Gregory ultimately admitted the discarded container of methamphetamine belonged to him. By dropping, tossing, or placing the container off the back porch, Gregory "affirmatively placed the evidence in a location that would otherwise hide it from plain view." *James*, 586 S.W.3d at 731. Therefore, sufficient evidence was presented for the jury's consideration and Gregory's motion for a directed verdict was properly denied.

Gregory's second argument is that the trial court improperly limited his cross-examination of Deputy Coomes by not allowing Gregory to ask about Deputy Coomes about his termination from the Owensboro Police Department (OPD), which occurred over nine years before the date of Gregory's trial. Prior to the start of the trial, Gregory's counsel informed the trial court it intended to introduce the termination as impeachment evidence. In doing so, counsel stated Gregory intended to introduce only the fact that Deputy Coomes was terminated, not the reasons and circumstances surrounding his termination. The trial court ruled the proposed line of questioning had nothing to do with Deputy Coomes's honesty or truthfulness in this matter and the prejudicial effect would substantially outweigh any probative value. Gregory contends that when the trial court limited

-7-

his cross-examination of Deputy Coomes, Gregory was denied due process under the Sixth Amendment to the United States Constitution. We disagree.

Kentucky Rules of Evidence (KRE) 403 states:

> [a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of undue prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence.

The presentation of evidence as well as the scope and duration of cross-examination rests in the sound discretion of the trial judge. *Moore v. Commonwealth*, 771 S.W.2d 34, 38 (Ky. 1988), *abrogated on other grounds by McGuire v. Commonwealth*, 885 S.W.2d 931 (Ky. 1994). An evidentiary ruling regarding whether the probative value of evidence is substantially outweighed by any potentially prejudicial effect is reviewed for an abuse of discretion. *Staples v. Commonwealth*, 454 S.W.3d 803, 825 (Ky. 2014). The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles. *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

The record before us reveals the parties agreed prior to trial that the evidence Gregory sought to introduce regarding Deputy Coomes's termination from OPD did not relate to his truthfulness or veracity. The trial court took that into account, along with the fact that his termination occurred over nine years prior

to Gregory's trial. Under those circumstances, introducing evidence of Deputy Coomes's termination, without explanation or context, would have likely caused speculation and confusion among the jurors, unrelated to Gregory's guilt or innocence, and thus would have unduly prejudiced the Commonwealth's case. We are unpersuaded that the trial court's evidentiary ruling deprived Gregory of due process under the Sixth Amendment. "[T]he Confrontation Clause guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Davenport v. Commonwealth*, 177 S.W.3d 763, 768 (Ky. 2005) (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 679, 106 S.Ct. 1431, 1435, 89 L.Ed.2d 674 (1986)).

Gregory's third argument is that the trial court allowed hearsay evidence through Boring in the form of Facebook Messenger messages that occurred between Boring and Gregory on the date in question. At trial, Gregory objected because Boring read both Gregory's messages to him and Boring's own messages to Gregory on direct examination. Gregory asserted that Boring's messages to Gregory were prior consistent statements and, therefore, inadmissible hearsay. On appeal, Gregory asserts the Boring's portion of the messages were inadmissible hearsay which does not fall under any of the hearsay exceptions in KRE 803 or 804 and is not a prior witness statement under KRE 801A.

We again review the trial court's decision for an abuse of discretion. We agree with Gregory that the trial court offered little explanation in its decision to allow admission of Boring's prior statements as contained in the messages. However, "[a]n appellate court may affirm a trial court under an alternate theory not relied upon by the trial court." *Commonwealth Nat. Resources and Environmental Protection Cabinet v. Neace*, 14 S.W.3d 15, 20 (Ky. 2000). KRE 801A states, in relevant part,

> (a) Prior statements of witnesses. A statement is not excluded by the hearsay rule, even though the declarant is available as a witness, if the declarant testifies at the trial or hearing and is examined concerning the statement, with a foundation laid as required by KRE 613, and the statement is:
>
> > (1) Inconsistent with the declarant's testimony;
> >
> > (2) Consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive[.]

Review of the record shows that Gregory's theory of the case at trial was that the container of methamphetamine found next to the porch belonged to Boring. Gregory testified on his own behalf and stated that, on the night in question, he admitted the methamphetamine was his only out of fear of Deputy Coomes. Despite his admission to Deputy Coomes, Gregory testified he did not

-10-

have methamphetamine on his person and went to Boring's home only to collect a third-row seat for his van. Further, upon cross-examination of Boring, defense counsel elicited testimony that Boring was charged with, and subsequently convicted of, possession of methamphetamine found in his wallet, within his home, on the night in question. Upon cross-examination of Deputy Coomes, defense counsel elicited testimony that part of the basis for the search warrant of Boring's residence was information that Boring had methamphetamine in one of the storage buildings in his back yard. Deputy Coomes also revealed that scales and baggies were found in Boring's home. In Gregory's motion for a directed verdict, defense counsel noted that Boring's residence was known to have methamphetamine in it and was "known to have meth in the back yard." During closing argument, defense counsel reminded the jury that sheriff's deputies found methamphetamine in Boring's home and that:

> [i]t was Boring's meth and he told you that today. He was charged with possession of meth, they found it in his home. Boring told them there was a problem with meth in his house, his kid tested dirty. We know that. We also know that, because they found meth in that house, he didn't need meth from Terry Gregory, he already had it. He had it, he possessed it, he pled guilty to it. He told you that.

Defense counsel went on to point out that the back yard was to be searched by law enforcement because Boring kept methamphetamine there and

reiterated that, "[t]here was meth at that house. It wasn't [Gregory's]. It was Mr. Boring's."

The messages between Gregory and Boring were admissible under KRE 801A to rebut Gregory's express charge that the methamphetamine found in the container belonged to Boring. The messages show an exchange that occurred on May 7, 2019, wherein Boring was attempting to purchase methamphetamine from Gregory. They clearly occurred before any alleged motive for Boring to fabricate came into existence. *See Slaven v. Commonwealth*, 962 S.W.2d 845, 858 (Ky. 1997). The messages show that Boring's in-court testimony regarding purchasing methamphetamine from Gregory was not a recent fabrication or the product of improper motive to, for example, avoid an additional felony charge. Admission of the messages was proper under KRE 801A.

Lastly, Gregory requests palpable error review under Kentucky Rule of Criminal Procedure (RCr) 10.26 for his assertion that the trial court improperly allowed Deputy Coomes to comment on Gregory's post-arrest right to remain silent. Gregory's entire argument hinges on Deputy Coomes's testimony that, after Gregory was read his *Miranda*[1] rights, both he and the female subject were asked numerous times if the container found on the ground was theirs and "neither one wanted to take credit for it." We discern no error. There was no testimony from

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Gregory or Deputy Coomes that Gregory invoked his right to remain silent at any time. Because Gregory did not "take credit" for the container on the scene does not mean he remained silent and, in fact, he later admitted it was his. His argument is without merit.

For the foregoing reasons, the judgment of the McLean Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Steven Nathan Goens
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Kristin L. Conder
Assistant Attorney General
Frankfort, Kentucky