**J. D. KESSINGER, Appellant,**

v.

**COMMONWEALTH of Kentucky,
Appellee.**

Court of Appeals of Kentucky.

May 3, 1974.

Rehearing Denied June 28, 1974.

Don H. Major, Mulhall, Major & Turner, Louisville, for appellant.

Ed W. Hancock, Atty. Gen., George M. Geoghegan, III, Asst. Atty. Gen., Frankfort, for appellee.

PALMORE, Justice.

On the evening of Saturday, August 26, 1972, while Mr. and Mrs. L. B. Hinton were away, several items of personal property were stolen from their home, which they had left unlocked, near U.S. Highway 431 in Lewisburg, Logan County, Kentucky. William Rucker, Leonard Ray Casey and the appellant, J. D. Kessinger, were jointly indicted under KRS 433.180. The indictment was later dismissed as to Casey, and Rucker pleaded guilty. Kessinger stood trial on a plea of not guilty and was convicted and sentenced to 5 years in prison. He appeals upon the sole ground that the evidence was not sufficient to support the conviction.

The question is fairly close, and there have been several cases before this court which are not widely different on the facts. However, none is sufficiently comparable to be dispositive one way or the other. It is our conclusion that the evidence was sufficient.

The Hintons owned a 1970 model 2-door Cadillac automobile with a gold-colored body and a vinyl top of a different color. During the time-interval in which the theft occurred Kessinger was in the vicinity driving a 1970 model 4-door Cadillac which was solid gold in color. This car was owned by Rucker. During the hour or so preceding darkness Wayne Graham, a close neighbor, saw this automobile pass up and down the highway 10 or 12 times, occupied by three men. At about dark it entered Graham's driveway, and Graham hailed it down. This time it was occupied only by the driver, Kessinger, who said he was looking for a drywall man named Paul.

Another neighbor, Carson Massey, testified that he passed the Hinton place at approximately 8:00 P.M. and observed parked at the side of the house the same kind of a Cadillac automobile as that of the Hintons except that the top was of a different color from that of the Hinton car. It was usual, he said, for the Hintons to leave their car parked in front of the house rather than at the side.

Graham took the license number of the automobile driven by Kessinger and reported it to the local law-enforcement authorities. Four days later Kessinger, Rucker and Casey were arrested at Rucker's home

in Warren County, Kentucky. Kessinger resided at Morgantown, Butler County, Kentucky.

Kessinger testified that Rucker operated a service station in Bowling Green and from time to time did work on his automobile. On the day in question he was having trouble with his Pontiac and took it to Rucker's home at Rich Pond, where he borrowed Rucker's Cadillac for the purpose of going over to Lewisburg to look for Paul, the drywaller, whom he wanted to do some work for him. Rucker accompanied Kessinger on the trip, and while they were driving up and down U.S. 431 looking at the names on the mail boxes they encountered Casey, a friend of Rucker's. Rucker decided to go someplace with Casey and told Kessinger to keep his Cadillac until the next day, whereupon Kessinger resumed his unsuccessful search for "Paul."

Kessinger testified further that on the day of the arrest he happened to see Rucker and Casey in Bowling Green and that Rucker had to take some groceries to his home and invited him to go along, which he did. That was his explanation of being with Rucker and Casey when the three were arrested.

None of the stolen property was recovered. Kessinger denied having had anything whatever to do with the theft.

The evidence thus far summarized would not sustain a case against anybody. The gold Cadillac seen by Graham next to the Hinton place was not definitely identified as the same one being driven by Kessinger, and there was nothing else of substance to connect either him or the other two men with the crime. At the close of the Commonwealth's case Kessinger was most assuredly entitled to a directed verdict, but after his motion for one had been denied he cured the deficiency in the Commonwealth's case by introducing an affidavit under RCr 9.04 to the effect that Rucker and Casey, if present, would testify that they robbed the Hinton house and Kessinger had nothing to do with it. This, of course, added the vital circumstance that his companion, Rucker, did rob the house, and we are of the opinion that it was not at all unreasonable for the jury to believe that Kessinger was an accomplice.

The judgment is affirmed.

All concur.