COMMONWEALTH of Kentucky, Appellant,

v.

Herbert D. BENHAM, Appellee.

No. 90-SC-755-DG.

Supreme Court of Kentucky.

Sept. 26, 1991.

Frederic J. Cowan, Atty. Gen., Carol C. Ullerich, Asst. Atty. Gen., Criminal Appellate Div., Frankfort, for appellant.

Teresa Ann Isaac, Lexington, for appellee.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which had reversed a judgment of conviction because the circuit judge refused to grant a directed verdict of acquittal.

The issue is whether the Court of Appeals correctly applied the standard for review of a denial of a directed verdict as announced in *Commonwealth v. Sawhill*, Ky., 660 S.W.2d 3 (1983).

Benham was convicted of second-degree arson and sentenced to ten years. The Court of Appeals reversed the conviction because its examination of the record indicated that the prosecution produced only a mere scintilla of evidence required for conviction. This Court accepted discretionary review.

■ The Court of Appeals improperly applied the standard for review of a directed verdict as announced in *Sawhill, supra.* Our review of this case indicates that the Court of Appeals substituted its view of the evidence for that of the trial court. A reviewing court does not reevaluate the proof because its only function is to consider the decision of the trial judge in light of the proof presented.

The proof presented indicated that Benham was in the area of the barn fire and had an opportunity to commit the crime.

An officer and a bystander saw Benham wet and muddy which could have come from the area where the fire started; he had a motive because the mayor had had Benham arrested previously; Benham admitted setting the fire, and there was a handwritten statement by his cousin which documented Benham's admission of guilt. Benham's statement to the police was that he noticed smoke, but neither smoke nor fire was visible from the road. Benham also said he saw sparks and juice from electrical wires through which no current flowed.

This Court fully endorses the principles enunciated in *Sawhill* and in *Trowel v. Commonwealth*, Ky., 550 S.W.2d 530 (1977). They represent the law in Kentucky. Cf. *Hodges v. Commonwealth*, Ky., 473 S.W.2d 811 (1971).

■ Despite the long-standing nature of the directed verdict rule found in *Sawhill* and *Trowel, supra,* some have difficulty in its application. In an effort to simplify the rule and make it abundantly clear, we restate the rule as follows:

On motion for directed verdict, the trial court must draw all fair and reasonable inferences from the evidence in favor of the Commonwealth. If the evidence is sufficient to induce a reasonable juror to believe beyond a reasonable doubt that the defendant is guilty, a directed verdict should not be given. For the purpose of ruling on the motion, the trial court must assume that the evidence for the Commonwealth is true, but reserving to the jury questions as to the credibility and weight to be given to such testimony.

■ On appellate review, the test of a directed verdict is, if under the evidence as a whole, it would be clearly unreasonable for a jury to find guilt, only then the defendant is entitled to a directed verdict of acquittal. *Sawhill.*

■ As stated in *Sawhill*, there must be evidence of substance, and the trial court is expressly authorized to direct a verdict for

the defendant if the prosecution produces no more than a mere scintilla of evidence.

A review of the evidence presented in this case clearly indicates that the trial judge correctly determined that a reasonable juror could fairly find guilt beyond a reasonable doubt. The prosecution produced evidence that was considerably more than a mere scintilla and the case was properly presented to the jury for determination.

The decision of the Court of Appeals is reversed and the judgment of the trial court is reinstated.

All concur.