COMMONWEALTH of Kentucky, Appellant,

v.

Joshua SUTTLES, Appellee.

No. 2000–SC–0599–DG.

Supreme Court of Kentucky.

April 25, 2002.

Rehearing Denied Aug. 22, 2002.

Albert B. Chandler III, Attorney General, John E. Zak, Assistant Attorney General, George G. Seelig, Assistant Attorney General, Criminal Appellate Division, Frankfort, for appellant.

Harry P. Hellings, Jr., Hellings & Pisacano, P.S.C., Covington, Dean A. Pisacano, Hellings & Pisacano, Covington, for appellee.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which reversed the jury verdict of the circuit court which had found Suttles guilty of complicity to commit first-degree assault. The Court of Appeals had reversed the conviction because it determined that there was insufficient evidence to support the complicity conviction.

The sole issue is whether there was sufficient evidence for the jury to convict Suttles of complicity to commit first-degree assault.

In the early morning hours of June 28, 1998, Suttles, along with his brother and two friends, Rahm and Charles, were walking to a local grocery store when a pickup truck occupied by the victim and his brother approached them. According to the victim, he yelled at the four individuals to get out of the road and continued on his route. Rahm, on the other hand, testified that he and his companions were walking in the road because there were no sidewalks; that the pickup truck swerved at them and that someone in the vehicle yelled something he thought was expletives. In any event, the pickup truck drove on and Rahm ran after it with Suttles following closely behind and the remaining two following. The chase covered approximately three city blocks. Eventually, the vehicle stopped in front of the home of the victim's mother to drop off the brother. When the four individuals caught up to the truck a verbal altercation ensued. The victim's brother went inside to call the police after Suttles allegedly threatened the victim with a knife. At some point shortly thereafter, Charles, who had picked up a piece of rock or concrete during the chase, struck the victim in the head. Suttles, Rahm and Charles were charged with first-degree assault.

At trial, the victim and his brother stated that during the argument, Suttles had threatened to cut him (the victim) with a knife. The victim's brother specifically recalled seeing a knife in Suttles' hand. Suttles denied making any threats or cutting anyone with the knife. Suttles and his companions fled the scene and were later arrested at Rahm's residence where a knife was discovered in Suttles' pocket. Subsequent laboratory tests on the knife taken from Suttles were negative for blood or hair evidence. Suttles' brother and Rahm testified that Suttles had neither threatened nor attacked the victim.

The jury found Suttles not guilty of assault but convicted him of complicity to first-degree assault. He waived jury sentencing and agreed to accept the minimum punishment of ten years in prison. A majority of the Court of Appeals panel reversed the conviction finding insufficient evidence to support the conviction. This Court accepted discretionary review.

On appeal, the Commonwealth argues that the Court of Appeals improperly reversed the conviction because there was sufficient evidence for the jury to convict Suttles of complicity to first-degree assault. Suttles responds that he was not a complicitor in any crime and that Charles acted alone, taking everyone by surprise. He argues that he did not encourage, aid or abet the actions of Charles and the prosecution presented no evidence that he had any knowledge of, or intended to promote or facilitate the commission of any crime.

The complicity statute, KRS 502.020(1) and (2) reads as follows:

(1) A person is guilty of an offense committed by another person when, with the intention of promoting or facilitating the commission of the offense, he:

(a) Solicits, commands, or engages in a conspiracy with such other person to commit the offense; or

(b) Aids, counsels or attempts to aid such person in planning or committing the offense; or

(c) Having a legal duty to prevent the commission of the offense, fails to make a proper effort to do so.

(2) When causing a particular result is an element of an offense, a person who acts with the kind of culpability with respect to the result that is sufficient for the commission of the offense is guilty of that offense when he:

(a) Solicits or engages in a conspiracy with another person to engage in the conduct causing such result; or

(b) Aids, counsels, or attempts to aid another person in planning, or engaging in the conduct causing such result; or

(c) Having a legal duty to prevent the conduct causing the result, fails to make a proper effort to do so.

 The standard to be used in reviewing a claim of insufficient evidence is set out in *Commonwealth v. Benham*, Ky., 816 S.W.2d 186 (1991). It is the same standard used in reviewing a directed verdict to the effect that under the evidence as a whole, it would be clearly unreasonable for a jury to find guilt. Only then is a defendant entitled to a directed verdict of acquittal. *Cf. Commonwealth v. Sawhill*, Ky., 660 S.W.2d 3 (1983). The testimony of even a single witness is sufficient to support a finding of guilt, even when other witnesses testified to the contrary if, after consideration of all of the evidence, the finder of fact assigns greater weight to that evidence. *Murphy v. Sowders*, 801 F.2d 205 (6th Cir.1986). On review, the appellate court should not reevaluate the evidence or substitute its judgment of the credibility of the witnesses for that of the jury. *Commonwealth v. Jones*, Ky., 880 S.W.2d 544 (1994).

Here, upon reviewing the evidence presented, the trial judge properly determined that a reasonable juror could believe, beyond a reasonable doubt, that Suttles was guilty of complicity to first-degree assault. Thus, the trial judge correctly denied the motion for a directed verdict based on the evidence before the jury.

The evidence presented by the prosecution is that Suttles, along with his three companions, pursued the pickup truck at least three city blocks before the vehicle finally stopped. Suttles stood within two feet of the victim as he and his three companions confronted him. The victim and this brother testified that Suttles threatened to stab the victim in the head with a knife and the brother specifically recalled seeing a knife in the hand of Suttles. After Charles hit the victim in the head with a rock or piece of concrete, all four fled the scene and were eventually tracked by police to Rahm's apartment where the police searched Suttles and found a knife in his pocket.

It has long been held by this Court that intent can be inferred from the act itself and the surrounding circumstances. *See Mills v. Commonwealth*, Ky., 996 S.W.2d 473 (1999); *Talbott v. Commonwealth*, Ky., 968 S.W.2d 76 (1998); *Dishman v. Commonwealth*, Ky., 906 S.W.2d 335 (1995); *Stevens v. Commonwealth*, Ky., 462 S.W.2d 182 (1970); *See also Waters v. Kassulke*, 916 F.2d 329 (6th Cir.1990).

This Court has held that because a person is presumed to intend the logical and probable consequences of his conduct, a person's state of mind may be inferred from his actions preceding and following the charged offense. *Hudson v. Commonwealth*, Ky., 979 S.W.2d 106 (1998); *see also Parker v. Commonwealth*, Ky., 952 S.W.2d 209 (1997); *Wilson v. Commonwealth*, Ky., 601 S.W.2d 280 (1980). *Kes-*

*singer v. Commonwealth,* Ky., 510 S.W.2d 244 (1974), held that a jury can believe that a defendant is an accomplice to a crime when the evidence presented shows his companion admitted that he is guilty of that crime.

Here, the evidence presented at trial was sufficient for the jury to reasonably infer that Suttles intended to harm the victim. It was not clearly unreasonable for the jury to find that he was guilty of complicity to first-degree assault.

The decision of the Court of Appeals is reversed and the judgment and jury verdict is reinstated.

LAMBERT, C.J., COOPER, GRAVES, KELLER, JJ., concur.

JOHNSTONE, J., dissents by separate opinion joined by STUMBO, J.,

JOHNSTONE, Justice, dissenting.

Because the evidence in this case does not support a finding that Suttles was guilty of complicity to first-degree assault, I respectfully dissent.

KRS 502.020 provides two separate and distinct theories of complicity: "complicity to the act" under subsection (1), and "complicity to the result" under subsection (2). *Tharp v. Commonwealth,* Ky., 40 S.W.3d 356, 360 (2000), *cert. denied,* —— U.S. ——, 122 S.Ct. 289, 151 L.Ed.2d 213 (2001). The definition of complicity included in the instructions in this case establishes that Suttles was convicted under the "complicity to the act" prong of KRS 502.020:

> [A] person is guilty of an offense committed by another person, when, with the intent of promoting or facilitating the commission of the offense he solicits, commands or engages in a conspiracy with such other persons to commit the offense, or aids, counsels or attempts to aid such person in planning or committing the offense.

The above definition mirrors the language of KRS 502.020(1):

> A person is guilty of an offense committed by another person when, with the intention of promoting or facilitating the commission of the offense, he:
>
> (a) Solicits, commands, or engages in a conspiracy with such other person to commit the offense; or
>
> (b) Aids, counsels, or attempts to aid such person in planning or committing the offense; or
>
> (c) Having a legal duty to prevent the commission of the offense, fails to make a proper effort to do so.

A person can be guilty of complicity to the act under subsection (1) "only if he[] possesses the *intent* that the principal actor commit the criminal act." *Tharp,* 40 S.W.3d at 360 (emphasis in original). The evidence cited by the majority opinion does not support a finding that Suttles intended the assault on Travis Smith, the victim:

> The evidence presented by the prosecution is that Suttles, along with his three companions, pursued the pickup truck at least three city blocks before the vehicle finally stopped. Suttles stood within two feet of the victim as he and his three companions confronted him. The victim and his brother testified that Suttles threatened to stab the victim in the head with a knife and the brother specifically recalled seeing a knife in the hand of Suttles. After Charles hit the victim in the head with a rock or piece of concrete, all four fled the scene and were eventually tracked by police to Rahm's apartment where the police searched Suttles and found a knife in his pocket.

*Op.* at 426.

At most, the evidence shows that Suttles was present when the argument and as-

sault occurred. By itself, this is insufficient to support a conviction for complicity. *McIntosh v. Commonwealth*, Ky.App., 582 S.W.2d 54, 60 (1979). The testimony that Suttles had a knife and threatened to cut Smith with it does not support a conviction for complicity. It is not proof of "active participation" in Charles' act of assaulting Smith with the rock. *See Gilbert v. Commonwealth*, Ky., 838 S.W.2d 376, 380 (1991). Whether it might support a conviction for a complicity to the result under subsection (2) is not at issue here. What is at issue is whether there is evidence that Suttles *intended* Charles' assault on Smith—including any act by Suttles from which the necessary element of intent can be inferred. There is none. Therefore, I would affirm the Court of Appeals.

STUMBO, J., joins this dissenting opinion.