# IMPORTANT NOTICE
# NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: NOVEMBER 2, 2017
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

## 2016-SC-000306-MR

PERCY ISAAC AIKENS      APPELLANT

ON APPEAL FROM CHRISTIAN CIRCUIT COURT

V.      HONORABLE EDWIN M. WHITE, JUDGE
NO. 03-CR-00657

COMMONWEALTH OF KENTUCKY      APPELLEE

## MEMORANDUM OPINION OF THE COURT

### AFFIRMING

Appellant, Percy Isaac Aikens, appeals from the Christian Circuit Court judgment convicting him of one count of first-degree robbery, one count of first-degree burglary, and four counts of second-degree burglary, for which he received an aggregate sentence of imprisonment for 47 years.[1] On appeal, Appellant claims the trial court erred by: 1) allowing victim impact testimony in the guilt phase of his trial; 2) refusing to admit evidence supporting his theory of an alleged alternative perpetrator (aaltperp); and 3) failing to grant a directed

---

[1] The crimes were committed in 2003, and the case was tried in 2005. Due to circumstances relating to his now-disbarred trial counsel, Appellant was deprived of his right to appeal. In October 2016, we granted this belated appeal.

verdict upon one of the burglary charges. For reasons stated below, we affirm Appellant's convictions.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant was indicted for committing fourteen crimes: eight counts of first-degree robbery, one count of first-degree burglary, and five counts of second-degree burglary. These crimes were alleged to have occurred at eight different locations in Hopkinsville, Kentucky, over a seven-month period, including twice at one residence. A jury found Appellant guilty of one count first-degree robbery, one count first-degree burglary, and four counts second-degree burglary. His claims of error stem from his convictions for the June 2003 first-degree robbery and first-degree burglary at the Allen residence, the October 2003 second-degree burglary at the same Allen residence, the second-degree burglary at the Moss residence, and the second-degree burglary at the Deasy residence.

In June 2003, Karla Allen was at her home in Hopkinsville with her one-year-old daughter when she heard a knock at the door. She opened the door to see a man standing before her with a semi-automatic firearm. She tried to shut the door, but he forced his way inside. Allen complied with the intruder's demand for cash; he left the residence with approximately $262.00 of Allen's money.

In October 2003, while the Allens were away, their home was burglarized a second time. They returned home to find the back door kicked in, possessions strewn about, and the refrigerator open. Several items were

2

missing, including a number of video games and game players, a video camera, and other electronic entertainment devices.

In August 2003, the Mosses returned to their home in Hopkinsville and heard someone in their bedroom. When Mr. Moss tried to open the door, it was locked. He then heard someone leaving through the bedroom window, but was unable to see the intruder. The bedroom window was broken, and the screen was cut and bent. Furniture was damaged from the rock that was thrown inside. Cash was missing from the room.

In October 2003, the Deasys returned home to find the outside door leading into the master bedroom kicked in. The bedroom was in disarray. Mr. Deasy's watch and Mrs. Deasy's ring and prescription medicine were missing.

Appellant admitted to police that he broke into these residences. He made a recorded statement as he accompanied police to the scenes of his crimes. He identified the Allens' apartment as a place he "got" twice, the first time taking a PlayStation 2 and a Gameboy. He identified the Mosses' home as the place from which he took about $600.00. He identified the Deasys' residence as the place he kicked in the back door and took a pair of earrings and a watch. This recording was played for the jury.

All of Appellant's claims of trial error were preserved for appellate review. He argues that even if the individual errors do not support his claim for reversal of his convictions, their cumulative effect resulted in reversible error. Each claim is addressed in turn.

3

## II. ANALYSIS

### A. Admission of victim impact testimony during the guilt phase was harmless error.

KRS 532.055(2)(a)7 permits the Commonwealth to present in the sentencing phase of the trial evidence of the crime's impact upon the victim, including the nature and extent of any physical, psychological, or financial harm suffered by the victim. However, in the guilt phase of Appellant's trial, the Commonwealth posed this question to a teary-eyed victim-witness, Ms. Allen: "[T]his is hard on you to relive this and go through this, isn't it?" The trial court overruled Appellant's request to strike her affirmative response. Appellant contends that this amounted to the improper use of victim impact evidence during the guilt phase, which by arousing the jury's sympathy for the victim, resulted in an unfair trial.

We agree that the prosecutor's question attributed Allen's apparent anxiety on the witness stand to the emotional or psychological impact of "reliving" the crime, and was, therefore, improper during the guilt phase.[2] Nevertheless, we are constrained to regard Allen's response as harmless error. Allen was obviously having some discomfort in her role as a witness in court; this very brief pause in an otherwise relevant description of events was not unduly sympathetic. Moreover, Appellant had admitted that he twice burglarized Allen's residence, so it is inconceivable that sympathy for Allen had a prejudicial impact on Appellant.

---

[2] The inquiry was also an improper leading question.

4

Under the harmless error rule, RCr 9.24, we disregard evidentiary errors that do not affect the substantial rights of the parties. We can say with fair assurance that the jury's verdict that Appellant was guilty of robbing Allen and burglarizing her home was not substantially swayed by hearing Allen acknowledge her distress at having to "relive" the crimes as she explained them to the court and jury. *Winstead v. Commonwealth*, 283 S.W.3d 678, 688-689 (Ky. 2009).

## B. The trial court did not abuse its discretion by not allowing entry of aaltperp evidence.

Another burglary victim, Mr. Moss, testified that the day after the burglary of his home, while at his place of business, he saw "some kids or somebody" running down the nearby railroad tracks and getting into a small red car that was moving slowly along the tracks. The persons he observed seemed to be excited. The situation made him feel "uneasy" and he thought it may have some connection to the recent burglary of his home, which lay along the same railroad tracks. He reported his concern to police.

The trial court found that evidence to be irrelevant and sustained the Commonwealth's objection to it, which on appeal, Appellant complains was an abuse of discretion. He contends that Moss's observation was relevant to show that someone other than himself, an aaltperp, was acting suspiciously and had access to the railroad tracks which not only connected Moss's home and business, but also went by the Allen and Deasy residences. An abuse of discretion occurs when the trial judge's decision is arbitrary, unreasonable,

5

unfair, or unsupported by sound legal principles. *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

When deciding whether to admit aaltperp evidence, the trial court must assess its relevancy under KRE 401 and determine whether the proffered evidence has probative value that substantially outweighs its risk of undue prejudice, confusion of the issues, or misleading the jury under KRE 403. *Gray v. Commonwealth*, 480 S.W.3d 253, 267 (Ky. 2016). To pass this balancing test, there must be "some logical, qualifying information to enhance the proffered evidence beyond speculative, farfetched theories that may potentially confuse the issues or mislead the jury." *Id.* at 268. Moss's observation does not contain any logical, qualifying information to lift Appellant's aaltperp theory beyond the level of rank speculation that the persons associated with the red car may have had a connection to the burglaries. Other than his own speculative assertion, Appellant has identified no other evidence that even slightly links, directly or circumstantially, the crimes he was charged with to other persons who may have perpetrated those crimes, including those associated with the red car. The trial court did not abuse its discretion in sustaining the Commonwealth's objection to Appellant's aaltperp line of questioning.

## C. The trial court properly denied Appellant's motion for a directed verdict on the Deasy burglary.

The trial court denied Appellant's motion for a directed verdict on the second-degree burglary charge pertaining to the Deasy residence. To survive Appellant's motion for a directed verdict on that charge, the Commonwealth

6

must produce evidence to establish that 1) with the intent to commit a crime, 2) Appellant knowingly entered or remained unlawfully in the Deasy residence.[3] The trial court's denial of a directed verdict will be upheld upon review "if under the evidence as a whole, it would be clearly unreasonable for a jury to find guilt." *Commonwealth v. Benham*, 816 S.W.2d 186, 187 (Ky. 1991) (citation omitted).

Mr. Deasy testified that someone broke into his home by kicking in a door. Appellant admitted to police detectives that he broke into the Deasy residence by kicking in a door.

Deasy testified that a watch was stolen during the burglary of the home, as was his wife's engagement ring and prescription drugs. Appellant admitted to police that he stole a watch and a set of earrings from the Deasy residence. None of the items were recovered. Appellant relies upon the discrepancy between what he admits stealing (a watch and earrings) and what Deasy testified was stolen (a watch, a ring, and some pills) as an evidentiary flaw fatal to the Commonwealth's case.

Far from being insufficient, the evidence is overwhelming. Appellant admitted that he unlawfully entered Deasy's home and committed the crime of theft therein. Deasy's testimony confirmed that his home was unlawfully

---

[3] KRS 511.030(1): "A person is guilty of burglary in the second degree when, with the intent to commit a crime, he knowingly enters or remains unlawfully in a dwelling."

entered and that property had been stolen. Nothing more is needed. Under "the evidence as a whole" it was not unreasonable for a jury to find guilt. Indeed, it would be clearly unreasonable for the jury to find otherwise. The trial court did not err by denying Appellant's motion for a directed verdict.

## D. Relief is not warranted under the cumulative error doctrine.

Appellant argues that even if his individual claims of error are not reversible, he did not receive a fair trial based upon the cumulative effect of the errors. The only error we find is the harmless error of the victim impact testimony; there is no other error from which a prejudicial effect could accumulate. The cumulative error doctrine is not implicated here.

## III. CONCLUSION

For the foregoing reasons, we affirm the judgment of the Christian Circuit Court.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Robert Chung-Hua Yang
Assistant Public Advocate

COUNSEL FOR APPELLEE:

Andy Beshear
Attorney General of Kentucky

Margaret Gigandet
Assistant Commonwealth Attorney