RENDERED:  JANUARY 6, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0087-MR

HAROLD TURNER												APPELLANT


APPEAL FROM CARLISLE CIRCUIT COURT
v.					HONORABLE TIMOTHY A. LANGFORD, JUDGE
ACTION NO. 20-CR-00050


COMMONWEALTH OF KENTUCKY									APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; CALDWELL AND GOODWINE, JUDGES.

THOMPSON, CHIEF JUDGE:  Harold Turner ("Appellant") appeals from a judgment of the Carlisle Circuit Court reflecting a jury verdict finding Appellant guilty of one count each of possession of a handgun by a convicted felon and persistent felony offender in the first degree.[1]  He argues that the circuit court erred in failing to rule that a text message entered into evidence at trial was not properly

---

[1] Kentucky Revised Statutes ("KRS") 527.040 and 532.080.

authenticated.  He also argues that he was entitled to a directed verdict on the firearm possession charge.  He seeks an opinion reversing the judgment, for dismissal of the indictment, or a new trial.  After careful review, we find no error and affirm the judgment on appeal.

## FACTS AND PROCEDURAL HISTORY

On November 12, 2020, deputies of the Carlisle County sheriff's department went to a home located at 176 Appletree Street, Arlington, Kentucky, based on information they received that Appellant – a convicted felon – had violated his probation.  Appellant previously resided at the location with his girlfriend, Darla McCoy, who rented the house.  At the residence, the deputies made contact with Tamron Lyman, who was an acquaintance of McCoy.

Lyman allowed deputies to enter the residence to conduct a search.  She also gave Sheriff Will Gilbert her phone so that Gilbert could read her texts.  Gilbert would later testify that he read a text from Appellant to Lyman sent earlier that day, in which Appellant said, "[c]ops are on the way to the house.  Get my gun and ammo and throw it in the trash."  Gilbert did not seize the phone nor take a screenshot of the text.  He could not recall what time Appellant sent the text, but he testified that it was sent on the day of the search.

When deputies searched the residence, they found a 9mm handgun in a man's jacket in the bedroom closet used by Appellant.  On November 19, 2020, a

Carlisle County grand jury indicted Appellant on several charges including possession of a handgun by a convicted felon and persistent felony offender in the first degree ("PFO").

At the jury trial, counsel for Appellant objected when the Commonwealth asked Sheriff Gilbert about the text he saw on Lyman's phone. After a brief bench conference, which could not be heard on the video record, Judge Langford overruled the objection and allowed Sheriff Gilbert to testify as to the text he saw on Lyman's phone.

At the conclusion of the trial, the court denied Appellant's motion for a directed verdict on the possession charge. The jury returned a guilty verdict on the handgun possession charge and the PFO charge. The court sentenced Appellant to a total of 10 years in prison, and this appeal followed.

## STANDARDS OF REVIEW

### Admission of text message

We review the trial court's ruling to admit text messages for abuse of discretion. *Kays v. Commonwealth*, 505 S.W.3d 260, 269 (Ky. App. 2016) (citation and quotation omitted). Abuse of discretion occurs when the ruling was "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

<u>Appellant's motion for a directed verdict</u>

The standard of review on a motion for a directed verdict was set forth in *Commonwealth v. Benham*, 816 S.W.2d 186, 187 (Ky. 1991), in which the Kentucky Supreme Court stated:

> On motion for directed verdict, the trial court must draw all fair and reasonable inferences from the evidence in favor of the Commonwealth. If the evidence is sufficient to induce a reasonable juror to believe beyond a reasonable doubt that the defendant is guilty, a directed verdict should not be given. For the purpose of ruling on the motion, the trial court must assume that the evidence for the Commonwealth is true, but reserving to the jury questions as to the credibility and weight to be given to such testimony.
>
> On appellate review, the test of a directed verdict is, if under the evidence as a whole, it would be clearly unreasonable for a jury to find guilt, only then the defendant is entitled to a directed verdict of acquittal.

(Citation omitted.)

The prosecution must produce more than a "mere scintilla of evidence" regarding the defendant's guilt. *Id.* at 188. However, "[t]he testimony of even a single witness is sufficient to support a finding of guilt, even when other witnesses testified to the contrary if, after consideration of all of the evidence, the finder of fact assigns greater weight to that evidence." *Commonwealth v. Suttles*, 80 S.W.3d 424, 426 (Ky. 2002) (citation omitted).

## ARGUMENTS AND ANALYSIS

Appellant, through counsel, first argues that the Carlisle Circuit Court erred in failing to rule that the text message at issue was not properly authenticated and should have been excluded from admission into the evidence. Appellant argues that though Sheriff Gilbert read the text message purporting to be from Appellant to Lyman, he did not take a screenshot or picture of the message in order to offer some tangible proof of its existence or content. The parties agree that Sheriff Gilbert seized Appellant's phone, and Appellant asserts that Gilbert could have produced Appellant's phone to prove the veracity of Gilbert's testimony on this issue. Appellant also notes that the Commonwealth offered no proof of Lyman's phone number nor Appellant's phone number, and that no proper foundation was made to prove that the evidence was materially unchanged from the time of the event until its admission.

Further, Appellant states that neither Gilbert nor Lyman testified as to the name, profile picture, or other identification linking the message to Lyman. The focus of Appellant's argument on this issue is that the message was not properly authenticated per Kentucky Rules of Evidence ("KRE") 901, and therefore Sheriff Gilbert's testimony as to the message should not have been entered into evidence. Appellant requests an opinion dismissing the indictment or, in the alternative, remanding the matter for a new trial.

In response, the Commonwealth argues that this matter is not properly preserved for appellate review. It notes that when Sheriff Gilbert began to testify about the text message at issue, Appellant's counsel objected that Gilbert's testimony was a violation of the Best Evidence Rule. The Commonwealth asserts that Appellant cannot now argue that the text message was not properly authenticated, when the Best Evidence Rule rather than authentication was the basis for his objection at trial.

We will first address the contention that this matter was not preserved for appellate review. The "Requirement of Original" rule, a.k.a. the "Best Evidence Rule," set out at KRE 1002 states that "[t]o prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules, in other rules adopted by the Kentucky Supreme Court, or by statute." "Essentially, this rule requires a party to introduce the most *authentic evidence* which is within their power to produce." *Johnson v. Commonwealth*, 231 S.W.3d 800, 805 (Ky. App. 2007) (citation omitted) (emphasis added).

At trial, Appellant objected to Sheriff Gilbert's testimony based on the Best Evidence Rule. Because the Best Evidence Rule and the requirement of authentication are inextricably intertwined, we conclude that Appellant's objection

-6-

based on the Best Evidence Rule properly preserved the issue of authentication for appellate review.

> KRE 901 ("Requirement of authentication or identification") states,
>
> (a) General provision. The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.
>
> (b) Illustrations. By way of illustration only, and not by way of limitation, the following are examples of authentication or identification conforming with the requirements of this rule:
>
>> (1) Testimony of witness with knowledge. Testimony that a matter is what it is claimed to be.

The primary question for our consideration on this issue is whether Sheriff Gilbert's testimony authenticated the proffered evidence, *i.e.*, whether its admissibility was grounded on "evidence sufficient to support a finding that the matter in question is what its proponent claims." KRE 901(a). KRE 901(b)(1) expressly provides that the "[t]estimony of a witness with knowledge" is sufficient authentication or identification to satisfy KRE 901. Sheriff Gilbert was a "witness with knowledge" for purposes of KRE 901(b)(1), as he made contact with Lyman and read – with her consent – a text message on her phone appearing to be from Appellant. Further, Lyman also testified about the text, stating that Appellant texted her and asked her to get the gun and hide it.

"Authentication of electronic messages is a relatively new topic for Kentucky courts." *Kays*, 505 S.W.3d at 269. Texts must be authenticated before they can be admitted. *Id*. That is to say, "the court must be sufficiently convinced the item is what the proponent claims it is." *Id*. (citing KRE 901). The Commonwealth's burden on this issue is "slight, requiring only a *prima facie* showing." *Id.* at 270 (internal quotation marks and citations omitted). "A trial court may admit an item so long as it finds sufficient proof has been presented from which a jury may reasonably deem an item to be what it is proclaimed to be. While the judge determines admissibility of the item, the jury determines its authenticity and probative force." *Id.* (internal quotation marks and citations omitted).

> Under KRE 901(b), the most common way to authenticate an item is through testimony of a witness that it is what it is claimed to be. . . . Exercising its considerable discretion, a trial court may admit a piece of evidence solely on the basis of testimony from a knowledgeable person that the item is what it purports to be and its condition has been substantially unchanged. Furthermore, . . . [a defendant is] free to argue to the jury the messages might be incomplete or may have been manipulated.

*Id.* (internal quotation marks and citation omitted).

After closely reviewing the record and the law, we conclude that the testimony of Sheriff Gilbert satisfies the "slight" burden of making a *prima facie* showing that the text is what the Commonwealth purports it to be. *Id.* at 270.

Further, Sheriff Gilbert's testimony was bolstered by that of Lyman, who also testified that the text was what the Commonwealth claimed it to be. This is sufficient to support its admission, after which the jury determined its authenticity. *Id.* We find no error.

Appellant next argues that the circuit court erred in denying his motion for a directed verdict on the charge of convicted felon in possession of a firearm. He argues that the Commonwealth presented no evidence that Appellant knew the gun was in the jacket nor had any control over it.

As noted above, on motion for a directed verdict, all fair and reasonable inferences from the evidence must be drawn in favor of the Commonwealth. *Benham*, 816 S.W.2d at 187. The prosecution must produce more than a mere scintilla of evidence regarding the defendant's guilt, *id.* at 188, but the testimony of even a single witness can be sufficient to meet this burden. *Suttles*, 80 S.W.3d at 426.

Having determined that Sheriff Gilbert's testimony regarding the text message was properly admitted, we conclude that this testimony is more than a mere scintilla of evidence and was sufficient to overcome Appellant's motion on this issue. In addition, testimony was adduced that Appellant lived or used to live at the residence with McCoy, and that the firearm was found in a man's jacket in the closet of the bedroom formerly used by Appellant. While Appellant offered

evidence that he no longer lived at the residence and the gun was not his, the question for our consideration is whether, under the evidence as a whole, it was clearly unreasonable for the jury to find guilt. *Benham*, 816 S.W.2d at 187. Based on the testimony of Sheriff Gilbert and Lyman, and in conjunction with the physical evidence obtained during the search, it was not clearly unreasonable for the jury to find guilt. Though Appellant did not have physical possession of the firearm when it was found in the man's jacket, constructive possession is sufficient to sustain the charge of firearm possession by a convicted felon. KRS 527.040; KRS 500.080(16). *See also Deboy v. Commonwealth*, 214 S.W.3d 926, 930 (Ky. App. 2007). Accordingly, we find no error in the denial of Appellant's motion for a directed verdict.

## CONCLUSION

Sheriff Gilbert's testimony regarding the text message he read on Lyman's phone was properly admitted, and the circuit court did not err in denying Appellant's motion for a directed verdict on the charge of possession of a firearm by a convicted felon. Accordingly, we affirm the judgment and sentence of the Carlisle Circuit Court.

ALL CONCUR.

-10-

BRIEFS FOR APPELLANT:

Julia K. Pearson
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Rachel A. Wright
Assistant Attorney General
Frankfort, Kentucky