RENDERED: DECEMBER 1, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0813-MR

XAVIER D. SMITH                                                           APPELLANT

v.
APPEAL FROM CHRISTIAN CIRCUIT COURT
HONORABLE JOHN L. ATKINS, JUDGE
ACTION NO. 21-CR-00306

COMMONWEALTH OF KENTUCKY                                    APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, DIXON,[1] AND EASTON, JUDGES.

CALDWELL, JUDGE: Xavier D. Smith appeals from the Christian Circuit

Court's denial of his motion for a directed verdict on the charge of sexual abuse in

the first degree. For the following reasons, we affirm.

---

[1] Judge Donna Dixon concurred in the Opinion prior to her retirement effective November 20, 2023. Release of this Opinion was delayed by administrative handling.

# FACTS

On the afternoon of April 18, 2021, R.B. was jogging in a park in Hopkinsville, Kentucky. Though she had headphones on, she suddenly realized footsteps were rapidly approaching her from behind. Next, someone "slammed" into her "very hard," and then caught her in a tight embrace from behind and grabbed her breasts. She was able to get out of the grasp of her assailant by "pretty forcibly pushing him off" her and then turned to face him. The man then grabbed her crotch and buttocks before running away. He said nothing during the encounter. R.B. was able to gain her composure and snap a picture of her assailant using her phone, which she then used to call 911.

Shaquilla Lawson (Lawson) was sitting in her vehicle in the park's parking lot with her five young daughters. While they were eating lunch, she noticed someone walk past her vehicle and into the park. A short time later, she saw R.B. running out of the park, and noticed she seemed upset.

Police were dispatched to the park and the surveillance footage was obtained. Both Lawson and R.B. were interviewed. A screenshot of the assailant was obtained from the surveillance footage, but he was not known to the officers.

Several days later, Xavier Smith (Smith) and his mother came to the police station.[2] Smith told police that he was the man in the surveillance photo and

---

[2] The record provides no reason why Smith felt compelled to come to the police station.

that he had been the one to grab R.B. He was charged with sexual abuse in the first degree.

At trial, the only contested fact was whether the crime had been accomplished with the use of forcible compulsion. The defense requested an instruction on sexual abuse in the third degree, but that request was denied. Smith moved for a directed verdict of acquittal, arguing that the Commonwealth had not met its burden on the element of forcible compulsion. That request was also denied.

During deliberations, the jury asked the trial court if there was any alternative to finding Smith guilty of the felony sexual abuse in the first degree charge and was told there was no alternative charge for them to consider. The jury rendered a guilty verdict on the charge and recommended a one-year sentence.

The trial court imposed the sentence, which Smith had already satisfied as he had been either incarcerated or on home incarceration while awaiting trial. He was placed on sexual offender post-incarceration supervision, which is to end in April of 2025. Smith was ordered to complete the sex offender treatment program and to register as a sex offender.[3]

---

[3] Per Kentucky Revised Statute (KRS) 17.520(3), his term of registration is twenty (20) years.

Smith appeals the trial court's denial of his motion for a directed verdict.[4]

## STANDARD OF REVIEW

The standard of review when an appellate court reviews a trial court's denial of a motion for directed verdict involves the following standard:

> On motion for directed verdict, the trial court must draw all fair and reasonable inferences from the evidence in favor of the Commonwealth. If the evidence is sufficient to induce a reasonable juror to believe beyond a reasonable doubt that the defendant is guilty, a directed verdict should not be given. For the purpose of ruling on the motion, the trial court must assume that the evidence for the Commonwealth is true, but reserving to the jury questions as to the credibility and weight to be given to such testimony.

*Commonwealth v. Benham*, 816 S.W.2d 186, 187 (Ky. 1991).

## ANALYSIS

Smith argues that the trial court erred when it allowed the jury to deliberate on the charge of sexual abuse in the first degree as he insists there was insufficient evidence provided to support a finding of guilt as there was no evidence of forcible compulsion. He insists that the only contact he made with

---

[4] We note that the brief originally filed by Smith included an argument concerning the denial of an instruction on sexual abuse in the third degree as a lesser-included offense. Smith moved for permission to withdraw that argument, and another concerning the length of the sentence received, and to file an amended brief for appellant. We granted that motion and the amended brief, raising only the directed verdict issue, was filed.

R.B. was the sexual touching; therefore, he could only have been guilty of the misdemeanor of sexual abuse in the third degree.[5]

KRS 510.110, in relevant part:

(1) A person is guilty of sexual abuse in the first degree when:

(a) He or she subjects another person to sexual contact by forcible compulsion[.]

The Commonwealth insists that R.B.'s testimony that a person "slammed" into her from behind while she jogged is sufficient force to satisfy the element of "forcible compulsion." We agree.

In *Yates v. Commonwealth*, the Kentucky Supreme Court ultimately found that forcible compulsion could not be found when the defendant had threatened to tell a teenager's mother about her relationship with an older man if

---

[5] (1) A person is guilty of sexual abuse in the third degree when he or she subjects another person to sexual contact without the latter's consent.

(2) In any prosecution under this section, it is a defense that:

(a) The other person's lack of consent was due solely to incapacity to consent by reason of being less than sixteen (16) years old; and

(b) The other person was at least fourteen (14) years old; and

(c) The actor was less than eighteen (18) years old.

(3) Sexual abuse in the third degree is a Class B misdemeanor.

KRS 510.130.

she did not engage in sexual acts with him. 430 S.W.3d 883 (Ky. 2014). Finding the threat that her boyfriend could be charged with a crime for having sexual relations with her, a minor, and would face physical danger in jail or prison was too attenuated to satisfy the statutory definition of "forcible compulsion," the Court reversed Yates' first-degree rape conviction. In doing so, the Court held "[f]orcible compulsion is evidence of lack of consent, which underlies all sexual offenses." *Id.* at 889. It is clear in the present case that R.B. did not consent to the touching in any way.

Smith argued to the trial court and to this Court that the only touching which occurred was the sexual touching, and to find that such touching amounts to the required forcible compulsion would render sexual abuse in the third-degree moot. As every sexual abuse case requires touching of some sort, not requiring either the use of force or the threat of the use of force to accomplish the assault renders no difference between the felony first-degree sexual abuse and sexual abuse in the third degree. We agree that we must always interpret statutes to determine and implement the intent of the legislature, and statutes should not be interpreted in a way which renders them "meaningless or ineffectual."[6] However,

---

[6]     "The essence of statutory construction is to determine and effectuate legislative intent" by drawing insight from "the legislative policy and purpose of the statute" and interpreting the entire statute in context without distorting its intended meaning by focusing on a single sentence, clause, or phrase. *Sweasy v. Wal-*

we disagree with Smith that there was no use of force here which was not sexual in nature. There was forcible compulsion in this case sufficient to uphold the verdict. Smith's act of slamming his body into R.B.'s from behind to take her by surprise and to allow him to then touch her in a sexual manner satisfies the element of forcible compulsion in this case.

Going back to the Supreme Court's decision in *Yates*, the Court analyzed the phrase in the statutory definition of "forcible compulsion" in KRS 510.010(2):

> "Forcible compulsion" means physical force or threat of physical force, express or implied, which places a person in fear of immediate death, physical injury to self or another person, fear of the immediate kidnap of self or another person, or fear of any offense under this chapter. Physical resistance on the part of the victim shall not be necessary to meet this definition[.]

As a part of this analysis, the Court held that the sexual act must be the result of "an act or threat of physical force *done by the defendant*." 430 S.W.3d at 890 (emphasis in original). The Court noted that as every sexual act requires some force, forcible compulsion must be something more. It is the "compulsion" part of

---

*Mart Stores, Inc.*, 295 S.W.3d 835, 838 (Ky. 2009) (citations omitted). A statute must be read and applied so that "no part of it is meaningless or ineffectual." *Stevenson v. Anthem Cas. Ins. Grp.*, 15 S.W.3d 720, 724 (Ky. 1999).

*Kindred Healthcare v. Harper*, 642 S.W.3d 672, 680 (Ky. 2022).

the element which ensures that it is not the sexual touching itself which is the "force" required by the statute, but the "phrase 'forcible compulsion' requires another factual element, namely, lack of consent by the victim, in the sense of lack of voluntariness or permissiveness. This is dictated by use of the word 'compulsion.'" *Id.*

Employing the Supreme Court's analysis to the present facts, the "slamming" into R.B. from behind is the non-sexual force used by Smith which arguably allowed for the non-consensual sexual touching to occur. Approaching from the back, quickly, and grabbing R.B. rendered her incapable of consenting to the touching which immediately thereafter occurred. Further, R.B. testified she was in fear for her physical safety during the assault, and it was for the jury to determine whether R.B.'s testimony concerning her fear for her physical safety and the force used by Smith were sufficient to constitute "forcible compulsion."

It is for the jury to determine whether the evidence is sufficient for a finding of guilt, and the trial court must not enter a directed verdict and remove the question from the jury unless after drawing all fair and reasonable inferences from the evidence in favor of the Commonwealth, no reasonable juror could find guilt. We cannot say that the trial court erred in not directing a verdict of acquittal here. *See Commonwealth v. Goss*, 428 S.W.3d 619, 629 (Ky. 2014).

**CONCLUSION**

The trial court properly denied Smith's motion for a directed verdict and allowed the jury to determine the facts it found which supported a finding of guilt. There was no error.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Karen Shuff Maurer
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Jenny L. Sanders
Assistant Attorney General
Frankfort, Kentucky