RENDERED:  AUGUST 29, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0840-MR

PATRICK LYNN GREER                                    APPELLANT

APPEAL FROM TAYLOR CIRCUIT COURT
v.          HONORABLE SAMUEL TODD SPALDING, JUDGE
ACTION NO. 21-CR-00177

COMMONWEALTH OF KENTUCKY                              APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; ACREE AND McNEILL, JUDGES.

THOMPSON, CHIEF JUDGE:  Patrick Lynn Greer (Appellant) appeals from a

judgment and sentence of the Taylor Circuit Court reflecting a jury verdict of

guilty on one count each of robbery in the first degree and burglary in the first

degree.  He argues that the circuit court erred in failing to rule that he was entitled

to a directed verdict.  After careful review, we find no error and affirm the

judgment and sentence of the Taylor Circuit Court.

## FACTS AND PROCEDURAL HISTORY

On May 5, 2021, Appellant's father, Rickey Greer, was asleep at his residence when he heard a noise on his porch. Rickey got up and saw his son, Appellant, on the porch smoking a cigarette and holding a machete. Rickey would later testify that Appellant approached the screen door to the residence, and twice told Rickey that he wanted to borrow Rickey's truck.

According to Rickey, after he refused to let Appellant use his truck, Appellant head-butted Rickey through the screen door. Rickey was dazed by the blow, stumbled back to his couch, and attempted to call the police on his cell phone. Appellant entered the residence and knocked the phone out of Rickey's hand. According to Rickey, Appellant then jabbed the machete into the floor.

After Rickey again refused to let Appellant use his truck, Appellant entered Rickey's bathroom and retrieved a key to the truck. Appellant then went out to the truck, started it, and began backing it out of the driveway. Rickey ran to his mother's nearby house. When Rickey was unable to get inside his mother's house, Appellant approached Rickey, placed the truck key in Rickey's hand, and then returned to Appellant's nearby trailer.

Rickey called 911. He testified that before the police arrived, Appellant was chasing him around a car, and Rickey's mother told Appellant to leave. The police arrived and, after speaking with Rickey, attempted to place

Appellant under arrest. Appellant was noncompliant. After a struggle, Appellant was taken into custody. He was subsequently charged with robbery in the first degree, burglary in the first degree, assault in the second degree, resisting arrest, and persistent felony offender in the first degree.[1]

The matter proceeded to trial, during which Appellant unsuccessfully moved for a directed verdict on the robbery and burglary charges. The circuit court denied the motions. The jury subsequently returned guilty verdicts on the charges of burglary in the first degree and robbery in the first degree. Appellant waived the penalty phase, agreeing to a 12-year sentence in exchange for the Commonwealth dropping the persistent felony offender enhancement. The court then reduced the sentence to 10 years, and final judgment was entered on November 1, 2022. This appeal followed.

## STANDARD OF REVIEW

The standard of review on a motion for a directed verdict was set forth in *Commonwealth v. Benham*, 816 S.W.2d 186, 187 (Ky. 1991), in which the Kentucky Supreme Court stated:

> On motion for directed verdict, the trial court must draw all fair and reasonable inferences from the evidence in favor of the Commonwealth. If the evidence is sufficient to induce a reasonable juror to believe beyond a reasonable doubt that the defendant is guilty,

---

[1] Kentucky Revised Statutes (KRS) 515.020; KRS 511.020; KRS 508.020; KRS 520.090; and KRS 532.080.

a directed verdict should not be given. For the purpose of ruling on the motion, the trial court must assume that the evidence for the Commonwealth is true, but reserving to the jury questions as to the credibility and weight to be given to such testimony.

On appellate review, the test of a directed verdict is, if under the evidence as a whole, it would be clearly unreasonable for a jury to find guilt, only then the defendant is entitled to a directed verdict of acquittal.

(Citation omitted.) The prosecution must produce more than a "mere scintilla of evidence" regarding the defendant's guilt. *Id.* at 188. However, "[t]he testimony of even a single witness is sufficient to support a finding of guilt, even when other witnesses testified to the contrary if, after consideration of all of the evidence, the finder of fact assigns greater weight to that evidence." *Commonwealth v. Suttles*, 80 S.W.3d 424, 426 (Ky. 2002) (citation omitted).

## ARGUMENTS AND ANALYSIS

Appellant first argues that the Taylor Circuit Court erred in denying his motion for a directed verdict on the charge of robbery in the first degree. He directs our attention to the first-degree robbery statute, KRS 515.020, which states:

(1) A person is guilty of robbery in the first degree when, in the course of committing theft, he or she uses or threatens the immediate use of physical force upon another person with intent to accomplish the theft and when he or she:

(a) Causes physical injury to any person who is not a participant in the crime;

-4-

(b) Is armed with a deadly weapon; or

(c) Uses or threatens the immediate use of a dangerous instrument upon any person who is not a participant in the crime.

Appellant asserts that the Commonwealth failed to prove the element of "in the course of committing theft" per section (1); therefore, he was entitled to a directed verdict on the charge of robbery. Appellant acknowledges that evidence was presented that he took the keys to Rickey's truck without permission, entered the truck, started the truck, and began driving it on Rickey's driveway. Appellant argues, however, that he never drove the truck off of Rickey's property. Since the truck never left Rickey's driveway, Appellant argues that he did not commit a theft for purposes of KRS 515.020. Having committed no theft, Appellant maintains that it was impossible for the Commonwealth to prove every element of KRS 515.020, and that the circuit court erred in failing to so rule.

The question for our consideration on this issue is whether the Commonwealth offered more than a mere scintilla of evidence per *Benham*, *supra*, that Appellant committed a theft of Rickey's truck. If so, the "in the course of committing theft" element of KRS 515.020 was satisfied sufficiently to overcome Appellant's motion for a directed verdict on the charge of robbery in the first degree.

The theft element of KRS 515.020 "may be established either by evidence of a completed theft or an attempted theft." *Sasser v. Commonwealth*, 485 S.W.3d 290, 293 (Ky. 2016) (footnote and citation omitted). Attempted theft occurs when someone "[i]ntentionally does or omits to do anything which, under the circumstances as he or she believes them to be, is a substantial step in a course of conduct planned to culminate in his commission of the crime." KRS 506.010(1)(b).

At trial, the Commonwealth submitted proof that Appellant took the keys to Rickey's truck without permission and began driving it down the driveway toward the street. According to the record, this act occurred after Appellant threatened Rickey with a machete, head-butted him through the screen door, and stabbed the machete into the floor of Rickey's residence. When we draw all fair and reasonable inferences from this evidence in favor of the Commonwealth per *Benham*, and in light of *Sasser* and KRS 506.010(1)(b), we conclude that, under the evidence as a whole, it was not clearly unreasonable for the jury to find guilt. As such, Appellant was not entitled to a directed verdict on this issue, and the Taylor Circuit Court properly so found.

Appellant next argues that he should have been granted a directed verdict of acquittal on the charge of first-degree burglary. He points to KRS 511.020(1) which states:

A person is guilty of burglary in the first degree when, with the intent to commit a crime, he or she knowingly enters or remains unlawfully in a building, and when in effecting entry or while in the building or in the immediate flight therefrom, he or she or another participant in the crime:

> (a) Is armed with explosives or a deadly weapon;

> (b) Causes physical injury to any person who is not a participant in the crime; or

> (c) Uses or threatens the use of a dangerous instrument against any person who is not a participant in the crime[.]

Appellant argues that because the Commonwealth offered insufficient proof that he knowingly entered or remained unlawfully in Rickey's house, the charge of burglary in the first degree could not be proven and he was entitled to a directed verdict.

Appellant relies on *Lewis v. Commonwealth*, 392 S.W.3d 917, 920 (Ky. 2013), for the proposition that an individual retains the right to lawfully remain in a building until the right to be present is revoked. He asserts that since Rickey never revoked his right to be in Rickey's residence, Appellant could not have knowingly entered and remained in the residence for purposes of KRS 511.020(1).

In *Lewis*, it was alleged that the defendant committed crimes in a Walgreens store, which was not only open to the public, but also actively invited

customers to enter and shop. In contrast, Rickey lived in a private residence, not a public building that solicited licensees. Thus, Appellant did not have a right to be present in Rickey's residence as the *Lewis* defendant did at the Walgreens store. Again, Appellant threatened Rickey with a machete both outside and inside the residence, head-butted him through the screen door, entered the residence without permission, and knocked the phone out of Rickey's hand inside the residence when Rickey attempted to call 911. *Lewis* is not applicable to these facts. The record amply demonstrates that Appellant knowingly entered or remained unlawfully in Rickey's residence per KRS 511.020(1). He was not entitled to a directed verdict on this issue and the circuit court properly so found.

## <u>CONCLUSION</u>

When drawing all reasonable inferences in favor of the Commonwealth, and under the evidence as a whole, it was not unreasonable for the jury to find guilt. *Benham*, *supra*. The circuit court properly so found. Accordingly, we affirm the judgment and sentence of the Taylor Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Adam Meyer
Department of Public Advocacy
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Ken W. Riggs
Assistant Attorney General
Frankfort, Kentucky