# IMPORTANT NOTICE

## "NOT TO BE PUBLISHED OPINION"

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED" PURSUANT TO RULE OF APPELLATE PROCEDURE (RAP) 40(D). THIS OPINION SHALL NOT BE CITED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE.

UNDER RAP 41, UNPUBLISHED OPINIONS OF KENTUCKY APPELLATE COURTS RENDERED AFTER JANUARY 1, 2003, THAT ARE FINAL UNDER RAP 40(G), MAY BE CITED BY A PARTY FOR CONSIDERATION BY A COURT IF THERE IS NO PUBLISHED OPINION THAT ADEQUATELY ADDRESSES THE POINT OF LAW BEING ARGUED BY A PARTY.

IF AN UNPUBLISHED OPINION IS CITED FOR CONSIDERATION BY A COURT THE OPINION SHALL BE SET OUT AS AN UNPUBLISHED OPINION IN THE DOCUMENT IN WHICH THE UNPUBLISHED OPINION IS CITED.

RENDERED: APRIL 23, 2026
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2025-SC-0076-MR

CAINE CARTER APPELLANT

ON APPEAL FROM KENTON CIRCUIT COURT
V.  HONORABLE MARY K. MOLLOY, JUDGE
NO. 23-CR-00742

COMMONWEALTH OF KENTUCKY APPELLEE

**MEMORANDUM OPINION OF THE COURT**

**<u>AFFIRMING</u>**

This case is before the Court as a matter of right[1] following the conviction of the Appellant, Caine Carter, for 175 counts of viewing or possessing matter portraying a sexual performance of a minor (victim under twelve) and two additional counts of the same offense involving a victim under eighteen years of age. He was sentenced to twenty years in prison. He now appeals, arguing one claim of error: that the trial court erred in denying his motion for directed verdict because the Commonwealth failed to prove Caine knowingly viewed or possessed the illicit material. We disagree and affirm his convictions and sentence.

---

[1] Ky. Const. § 110(2)(5).

## I. Facts

The laptop at issue in this case was in common use by the Carter household, including Caine, his mother, grandmother, and his mother's ex-boyfriend. The testimony, however, was that the laptop was primarily used by Caine for the purposes of gaming. After the laptop began shutting down while gaming, Caine's mother took the laptop to Tech Castle in Covington on April 14, 2023. The tech workers there went through the laptop, including its data files on its two hard drives, to try to determine what the issue was. While doing so, they stumbled upon images that they believed portrayed an adult male and a child engaging in sexual acts. The owner of the store was informed, and he contacted the police. The police came to retrieve the laptop that day. Upon their own forensic analysis of the laptop, a total of 836 images of child sexual assault material (CSAM) were found.

At trial, Caine's defense was that other people had access to the computer and any one of them could have downloaded the images. He argues the Commonwealth failed to prove he knew the images were on the computer. Caine's mother testified she did not download the images and only used the computer for schoolwork and taxes. She testified his grandmother did not use the computer at all. She also testified the computer stayed mostly with Caine in his room. That leaves the mother's ex-boyfriend as a potential alternative perpetrator.

Caine's mother testified her ex-boyfriend moved out of the house a month prior to her taking the laptop to the store for repairs, so approximately

2

March 14. The alternative perpetrator theory was then undermined by the Commonwealth's extraction report evidence on the images found on the computer. These reports showed that all the images underlying the indictment for one of the hard drives were last accessed between April 4, 2023, and April 13, 2023, several weeks after the ex-boyfriend had moved out of the house. For the second hard drive, most of the images underlying the indictment were last accessed between April 2, 2023, and April 11, 2023. In brief, if the ex-boyfriend was truly the guilty one then the evidence would have been consistent with the images being accessed while he was staying in the house and no longer being accessed after he moved out on or around March 14. The data does not show that.

## II.    Analysis

The standard of appellate review for a denial of a directed verdict motion is "if under the evidence as a whole, it would be clearly unreasonable for a jury to find guilt, only then the defendant is entitled to a directed verdict of acquittal." *Eversole v. Commonwealth*, 600 S.W.3d 209, 218 (Ky. 2020) (quoting *Commonwealth v. Benham*, 816 S.W.2d 186, 187 (Ky. 1991)). The trial court is required to assume the truth of the evidence presented and give all reasonable inferences, and resolve all reasonable doubts, in favor of the party opposing the motion. *Id.* at 217. "If the evidence is sufficient to induce a reasonable juror to believe beyond a reasonable doubt that the defendant is guilty, a directed verdict should not be given." *Benham*, 816 S.W.2d at 187.

3

Caine complains that his conviction was based solely on circumstantial evidence that failed to show he personally knew the CSAM images were on the laptop. A conviction, however, "can be premised on circumstantial evidence of such nature that, based on the whole case, it would not be clearly unreasonable for a jury to find guilt beyond a reasonable doubt." *Graves v. Commonwealth*, 17 S.W.3d 858, 862 (Ky. 2000). The evidence at trial showed hundreds of CSAM on the laptop, primarily used and kept by Caine, and shown to have been accessed in the weeks and days leading up to the laptop being taken to the store for repairs. This evidence may not be direct proof of Caine's guilt, but it is a "fundamental principle that a jury verdict may properly be based upon reasonable inferences drawn from the evidence." *Moore v. Commonwealth*, 462 S.W.3d 378, 388 (Ky. 2015).

Given the mother's testimony that neither she nor his grandmother downloaded the images; that the laptop was primarily used by Caine and stayed in his room; and the extraction reports showing that virtually all the images underlying the indictment were last accessed in the two weeks prior to the laptop being seized by police, after the mother's ex-boyfriend had moved out of the house; we conclude the evidence in this case, though circumstantial, meets the standard of the law. *Id.* There was sufficient evidence to survive a directed verdict motion, and the trial court correctly denied Caine's motion for

one. The case was properly submitted to the jury, and the jury was satisfied the Commonwealth had proven its case against Caine beyond a reasonable doubt. The convictions and sentence are affirmed.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Adam Meyer
Assistant Public Advocate

COUNSEL FOR APPELLEE:

Russell M. Coleman
Attorney General of Kentucky

J. Grant Burdette
Assistant Attorney General