RENDERED: APRIL 7, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0155-MR

WILLIAM CONNER                                                          APPELLANT

v.
APPEAL FROM BOYD CIRCUIT COURT
HONORABLE JOHN F. VINCENT, JUDGE
ACTION NO. 19-CR-00075

COMMONWEALTH OF KENTUCKY                                    APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: EASTON, GOODWINE, AND TAYLOR, JUDGES.

EASTON, JUDGE: The Appellant ("Conner") contends the Boyd Circuit Court

erred by not directing a verdict in his favor in this flagrant non-support case. As

the circuit court did not err based on the evidence presented to the jury, we

affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Conner had a child with Alberta Conner (now Henderson). Conner was required to pay child support by an order entered by a West Virginia court, where the child lived after the divorce. Conner eventually resettled to the Rush community in Boyd County, Kentucky. In February 2001, Conner stopped making child support payments when a court order discontinued his visitation. Conner told his ex-wife he would make no further payments, and he made no further voluntary payments. At the time of the trial, Conner owed over $85,000. This is all arrearage for past payments owed. The child was 24 years old at the time of the trial.

The Commonwealth presented evidence at the jury trial of the preceding circumstances. In addition, the child support case worker for Boyd County further explained the history of payments received over the years which resulted from tax refund intercepts, attachment, and wage garnishments. At the conclusion of the Commonwealth's case, Conner moved for a directed verdict because the Commonwealth presented no evidence to show Conner could "reasonably provide" support. The circuit court denied the motion.

In his case, Conner presented evidence about a medical condition resulting from a tick bite. Specifically, Conner referred to ehrlichiosis, a tick-borne bacterial infection which may result in severe symptoms, especially if not

treated early enough when milder symptoms first present. Testimony about these symptoms was provided by a treatment provider who was not a physician. This provider noted improvement in Conner's condition. This condition was a relatively recent development. The treatment provider witness admitted she had no information about Conner's abilities in the decades prior to this condition.

Conner testified about his condition which resulted from a tick bite in July of 2018. He told of the continuing effects, including memory problems, which he did not have prior to the illness. Conner has not worked since contracting his illness. Conner talked about his prior telecommunications work all over the country for years and other work he had in the months prior to the tick bite. Conner's sister testified Conner not only did telecommunications (fiber optics) work in the past but also did work as an independent contractor and odd jobs. Conner applied for disability, but according to Conner, that did not "turn out."[1]

Collection of the child support was first attempted by a civil action filed in 2016. Conner managed financially to retain counsel to represent him in that case. In November of 2018, after a delay of two and half years, Conner signed an agreed order to make payments of $300 per month. He made none. There was

---

[1] Trial Record 11-8-2021 at 11:10:35-11:10:45.

no explanation for the lack of payments while the civil case was pending prior to the unfortunate tick bite.

At the close of all evidence, Conner renewed his motion for a directed verdict. The trial court again denied the motion. The jury convicted Conner, and the circuit court sentenced him to serve four years in prison.

## STANDARD OF REVIEW

The sole issue raised on this appeal is whether the circuit court erred in denying Conner's motion for a directed verdict.

> On motion for directed verdict, the trial court must draw all fair and reasonable inferences from the evidence in favor of the Commonwealth. If the evidence is sufficient to induce a reasonable juror to believe beyond a reasonable doubt that the defendant is guilty, a directed verdict should not be given. For the purpose of ruling on the motion, the trial court must assume that the evidence for the Commonwealth is true, but reserving to the jury questions as to the credibility and weight to be given to such testimony.

*Commonwealth v. Benham*, 816 S.W.2d 186, 187 (Ky. 1991). "On appellate review, the test of a directed verdict is, if under the evidence as a whole, it would be clearly unreasonable for a jury to find guilt, only then the defendant is entitled to a directed verdict of acquittal." *Id*.

## ANALYSIS

To evaluate the directed verdict decision, we should review the elements of the offense of flagrant non-support. The Commonwealth must prove

-4-

Conner knew of the obligation and that he persistently failed to provide support which he "can reasonably provide." Kentucky Revised Statutes ("KRS") 530.050(2). Conner's failure to make payments which he could reasonably have made must result in an arrearage of at least $2,500 **or** six consecutive months without payment of support **or** leaving the child in destitute circumstances. KRS 530.050(2)(a)-(c).

In its case in chief, the Commonwealth presented some circumstantial evidence about Conner's ability to work and thus to provide some support. Payments had been made from earnings Conner was able to make as indicated by repeated wage garnishments and tax intercepts and one attachment of a bank account (which Conner later confirmed was for $9,000). The case worker had received no indication of an inability to work. The testimony presented for Conner before the renewed motion for directed verdict was made after the close of Conner's case added to the evidence of his work history.

Conner correctly cites *Schoenbachler v. Commonwealth*, 95 S.W.3d 830 (Ky. 2003), for the proposition the Commonwealth has the burden to prove the element of a defendant being able to reasonably provide support. It is not an affirmative defense. *Schoenbachler* also explains the effort of a defendant to be considered. The jury may consider "times when he had the money to pay his child support, but paid other expenses instead." *Id*. at 838. In the present case, there

were clearly many times when Conner could have paid support and chose not to resulting in the huge arrearage of more than $85,000.

Conner relies greatly on the impact of his illness beginning in 2018. The payment inactivity after 2018 is not really the main point, because the child was emancipated by then and the arrearage was no longer growing. The jury was entitled to consider the whole history and decide if, even with some periods of not being able to reasonably provide support, there were other periods where the failure to provide support resulted in an arrearage of at least $2,500 or satisfaction of the other statutory factors. When we consider all the evidence, we hold the circuit court did not err in denying the directed verdict motion.

Conner makes another argument basically to the effect the inability to make the payments under the agreed order in the related civil collection case somehow implicates that body of law governing when a court may revoke probation in child support cases. *See Commonwealth v. Marshall*, 345 S.W.3d 822 (Ky. 2011). The specific due process requirements of revoking probation have no applicability to the initial determination of guilt to flagrant non-support. Again, the determination was not limited to considering only the period after the 2018 illness, which included Conner's complete failure to make payments under the agreed order.

## CONCLUSION

The Boyd Circuit Court did not err in denying Conner's motion for a directed verdict. The judgment based upon the jury verdict is AFFIRMED.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Karen Shuff Maurer
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Stephanie L. McKeehan
Assistant Attorney General
Frankfort, Kentucky