RENDERED: DECEMBER 8, 2023; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1356-MR

MICHAEL MILLS                                               APPELLANT

v.                          APPEAL FROM PIKE CIRCUIT COURT
HONORABLE HOWARD KEITH HALL, JUDGE
ACTION NO. 21-CR-00568

COMMONWEALTH OF KENTUCKY                      APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, COMBS, AND EASTON, JUDGES.

CETRULO, JUDGE: Appellant Michael Mills ("Michael") appeals the Pike Circuit Court's denial of his motion for directed verdict on his criminal mischief charge. Upon review, we affirm the circuit court.

## FACTUAL AND PROCEDURAL HISTORY

Michael's now ex-wife, Melissa Mills ("Melissa"), filed for divorce in March 2021. Additionally, at that time, Melissa filed a motion for an emergency protective order ("EPO") against Michael, which was granted. The family court

overseeing the divorce converted the EPO to a domestic violence order ("DVO") in May 2021 and instructed Michael to stay 500 feet away from Melissa and not to damage any property of the parties. Further, the family court ordered Michael to vacate the marital home within seven days, as Melissa was to inhabit the home with their children throughout the divorce proceedings.

A few days later, on May 30, 2021, Michael informed Melissa that he had vacated the home, and the next day, Melissa went to the home and changed the locks. Two days later, Melissa returned to the home to find the front door open, and the back door busted. Melissa called the police, and when they arrived, they found Michael inside the home, asleep on the couch with a baseball bat near him. Melissa walked through the home with the officer and noticed substantial damage that was not there previously; the glass back door had been shattered, along with multiple televisions, the glass-top stove, dishwasher, footboard, coffee table, cabinets, and various decorative items. There were numerous holes in the walls, and "Melissa is a bitch" was written on the dining room table. Michael told the police that he did not cause the damage; he claimed the house had already been damaged when he arrived, and that he had planned to call the police, but he fell asleep on the couch before he could.

Following those events, Michael was indicted, and a jury convicted him of second-degree burglary, first-degree criminal mischief, and violation of the

DVO issued against him. During trial, the officer who arrested Michael testified, along with Melissa, Michael, Melissa's mother, and the Pike County Deputy Clerk. The officer testified to the damage and Michael's presence in the home. Melissa and her mother testified that most[1] of the property was not damaged when they went to the house to change the locks two days before the incident. The deputy clerk testified regarding the certification of the protective order the family court had entered in late-May 2021 that prohibited the parties from destroying their marital property.

Michael testified that he did not cause most of the damage and any that he had caused had been done months before Melissa filed for divorce. He further testified that, although the locks had been changed, he did not kick in the front door or break the back door; he claimed those doors were already open and broken when he got there, so he simply walked in. Michael noticed the shattered door and scattered items but sat down on the couch and fell asleep. Michael acknowledged that he had attended the family court hearing in May 2021 in which the court ordered that no one was to destroy marital property.

After the Commonwealth's case-in-chief, Michael moved, in pertinent part, for a directed verdict on the criminal mischief charge, arguing that the

---

[1] There was testimony that a rug, cabinet, and parts of the stove top had been damaged when Melissa went to the house to change the locks, but the majority of the destruction occurred after Melissa changed the locks.

property was marital; therefore, he had a partial property interest in it and could not have destroyed the "property of another." However, the circuit court noted that the statute did not require damage to the "property of another" to be guilty of criminal mischief. Instead, the statute states, there must be "damage of any property." Therefore, the circuit court denied the motion. Michael then renewed the motion after the Commonwealth's rebuttal and, again, the circuit court denied it because it found the Commonwealth had presented evidence on each element. Michael now appeals the circuit court's denial of his motion for directed verdict on the criminal mischief charge.

## STANDARD OF REVIEW

This Court reviews the denial of a motion for directed verdict under an "any rational juror" standard, *i.e.*, we must determine whether any rational juror could have found all the elements of the crime, "viewing the evidence in the light most favorable to the Commonwealth[.]" *Quisenberry v. Commonwealth*, 336 S.W.3d 19, 35 (Ky. 2011) (citing *Commonwealth v. Benham*, 816 S.W.2d 186, 187 (Ky. 1991) ("On appellate review, the test of a directed verdict is, if under the evidence as a whole, it would be clearly unreasonable for a jury to find guilt[.]")). "For the purpose of ruling on the motion, the trial court must assume that the evidence for the Commonwealth is true, but reserving to the jury questions as to

the credibility and weight to be given to such testimony." *Benham*, 816 S.W.2d at 187.

## ANALYSIS

Kentucky Revised Statute ("KRS") 512.020(1)(a) provides that

[a] person is guilty of criminal mischief in the first degree when, having no right to do so or any reasonable ground to believe that he or she has such right, he or she intentionally or wantonly: [d]efaces, destroys, or damages any property causing pecuniary loss of one thousand dollars [] or more[.]

While Michael concedes that the property was damaged, he argues that he had the right to damage that property because most of it was marital property.[2] Specifically, Michael argues that because the divorce was not final at the time of the damage, the property was presumed to be owned by both parties. Therefore, Michael argues, he still owned the damaged property and had a right to destroy it.

Michael urges this Court to address a novel issue in Kentucky: whether property one member of a married couple destroyed – mid-divorce – can be used to prove criminal mischief. However, this Court need not address that issue because despite any question as to who "owned" the property, Michael had

---

[2] Michael notes that the sound system that was damaged was not marital property, as it belonged to his son.

-5-

no right or reasonable ground to believe he had the right to destroy it.[3]  Indeed, the family court explicitly ordered that neither party had the right to destroy the property.  As established during trial, Michael was present when the family court entered the order prohibiting destruction of marital property, and he does not dispute the nature of the order.  Michael, therefore, had knowledge that the family court forbade him from destroying marital property.

In his reply brief, Michael claims that such evidence proved only that he violated the DVO, not that he committed criminal mischief.  We disagree.  The DVO and its prohibition of property destruction were evidence that Michael did not have the right or a reasonable belief that he had the right to destroy the marital property.  This evidence, taken in a light most favorable to the Commonwealth, could have proved to a rational juror that Michael did not have the right or reasonable belief that he had the right to destroy the marital property.  *See Quisenberry*, 336 S.W.3d at 35 (citation omitted).  Michael's conviction for violating the DVO does not change that.

Therefore, under the clear language of the statute, the Commonwealth presented evidence that Michael destroyed property that he did not have the right

---

[3] Additionally, Michael briefly argued that, according to the rule of lenity, the legislature should have explicitly stated in KRS 512.020 that defendants can be criminally charged for destroying property in which the defendant has an equitable ownership interest, if that is what the legislature intended.  However, as discussed, this Court does not reach that issue and therefore need not address the lenity argument.

to destroy, nor that he had a reasonable ground to believe that he had the right to destroy the property. As such, there was substantial evidence for a rational juror to find that the Commonwealth had established all the elements of KRS 512.020(1)(a). *See Quisenberry*, 336 S.W.3d at 34-35. The circuit court did not err when it denied Michael's motion for directed verdict.

## CONCLUSION

For the foregoing reasons, the Pike Circuit Court did not err when it denied Michael's motion for directed verdict. As such, we AFFIRM the circuit court's order.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Jared Travis Bewley
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

J. Grant Burdette
Assistant Attorney General
Frankfort, Kentucky